Robert J. EVERETT, Sandy Everett Mayhew, Allen Mayhew, Plaintiffs—Appellees,

v.

SANTA BARBARA HIGH SCHOOL DISTRICT and Board of Education of Santa Barbara High School District, Defendants—Appellants.

Nos. 00–55647, 00–56338.

D.C. No. CV 97–7225 CAS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 15, 2001.

Decided Jan. 11, 2002.

Before B. FLETCHER, D.W. NELSON, and McKEOWN, Circuit Judges.

## MEMORANDUM *

Santa Barbara High School District and the Board of Education of Santa Barbara High School District (collectively, "Santa Barbara") appeal the District Court's decision granting Plaintiffs compensatory education and reimbursement of various expenses. We review the District Court's factual determinations for clear error and the ultimate special education placement *de novo. See, e.g., Seattle Sch. Dist., No.1 v. B.S.,* 82 F.3d 1493, 1499 (9th Cir.1996). We affirm.

We agree with the District Court's finding that Santa Barbara failed to comply with the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400 et. seq., during the 1995–96 school year.[1] The IDEA requires that children who are eligible for special education services be educated in the least restrictive environment possible. 20 U.S.C. § 1412(a)(5)(A).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. At the outset, we note that the District Court did not abuse its discretion in admitting the additional evidence submitted by both parties. *See* 20 U.S.C. § 1415(e)(2); *Ojai Unified Sch. Dist. v. Jackson,* 4 F.3d 1467, 1472–73 (9th Cir.1993), *cert. denied,* 513 U.S. 825, 115 S.Ct. 90, 130 L.Ed.2d 41 (1994) (committing the determination of what evidence is "additional" to the discretion of the trial court).

Santa Barbara failed to meet this requirement when it placed Robert in the C.T.E. class-a class for seriously emotionally disturbed students. Robert is not seriously emotionally disturbed, and no one has ever contended otherwise. Thus, Robert's placement in the C.T.E. class violated § 1412(a)(5)(A).

■ We also agree with the finding that Santa Barbara failed to provide Robert with educational benefit during the 1994–95 school year when Robert was on home/hospital instruction. Santa Barbara concedes in its opening brief that it did not provide a special education credentialed teacher for Robert's home/hospital instruction. Def. Br. at 5. Rather, Santa Barbara provided a regular teacher (Ms. Merigan) from 9/94–12/94 and no teacher at all from 1/95–3/95. Only in March did Santa Barbara send someone qualified to provide special education services.

This failure to provide any special education instruction for a significant segment of the year compels the conclusion that the services provided were not reasonably calculated to provide educational benefit. As the Supreme Court has made plain, "the 'basic floor of opportunity' provided by the Act consists of access to *specialized* instruction and related services...." *Bd. of Educ. of the Hendrick Hudson Central Sch. Dist. v. Rowley*, 458 U.S. 176, 201, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982) (emphasis added). Here, Santa Barbara dropped below that basic floor when it failed to provide Robert access to a special education teacher (and, for a time, *any* instruction) for the majority of the 1994–95 school year.

■ This circuit has held that parents have an equitable right to reimbursement for the cost of compensatory education where, as here, a school district has failed to provide a free appropriate public education. *W.G. v. Bd. of Trs. of Target Range Sch. Dist. No. 23*, 960 F.2d 1479, 1485 (9th Cir.1992). The Hearing Officer below denied Plaintiffs' claim for compensatory education, relying on this Circuit's decision in *Student W. v. Puyallup Sch. Dist. No. 3*, 31 F.3d 1489 (9th Cir.1994). However, we find, as the District Court did, that *Student W.* is distinguishable.

■ The majority in *Student W.* concluded that although "it may be a rare case when compensatory education is not appropriate, ... it was not an abuse of the district court's discretion to decide that this case was such a rarity." *Student W.*, 31 F.3d at 1497. By contrast, this case is no such rarity. Unlike the parents in *Student W.*, Robert's parents repeatedly requested special education services. And also unlike *Student W.*, Robert neither graduated with his class nor was performing at grade level when he left school. We find these differences dispositive and therefore conclude that the District Court's award of relief was within its discretion.[2]

■ As to a final matter: Santa Barbara argued that the District Court's award of attorney's fees was excessive. We review an award of attorney's fees for an abuse of discretion. *Gilbrook v. City of Westminster*, 177 F.3d 839, 875 (9th Cir.), *cert. denied sub. nom., City of Westminster v. Herr & Davis v. City of Westminster*, 528 U.S. 1061, 120 S.Ct. 614, 145

2. Santa Barbara has also argued that the district court erred in awarding private compensatory education instead of allowing Santa Barbara to provide the remedial services. We review the district court's decision for clear error. *W.G.*, 960 F.2d at 1486–87. Here, we find that the district court did not clearly err in awarding a private placement that is more appropriate for Robert's age and educational need.

L.Ed.2d 509 (1999). There was no abuse of discretion here. **AFFIRMED.**