PREGERSON, Circuit Judge:
Compton Unified School District (the “School District”) appeals the district court’s decision granting judgment on the pleadings in favor of Starvenia Addison (“Addison”), a student in the School District. The School District argues that Addison does not have a cognizable claim against the School District for its failure to identify her disabilities. We have jurisdiction under 28 U.S.C. § 1291. We review matters of law, such as the jurisdictional issue raised here, de novo, see Johnson v. Special Educ. Hearing Office, 287 F.3d 1176, 1179 (9th Cir.2002), and affirm.
I. Background
Addison received very poor grades and scored below the first percentile on stan *1183 dardized tests during her ninth-grade year in 2002-2003. The school counselor attributed Addison’s poor performance to common “transitional year” difficulties. The counselor did not consider it atypical for a ninth-grader such as Addison to perform at a fourth-grade level.
In the fall of her tenth-grade year, Addison failed every academic subject. The counselor considered these grades to be a “major red flag.” Teachers reported that Addison was “like a stick of furniture” in class, and that her work was “gibberish and incomprehensible.” Teachers also reported that Addison sometimes refused to enter the classroom, colored with crayons at her desk, played with dolls in class, and urinated on herself in class.
Addison’s mother was reluctant to have the child “looked at,” and School District officials decided not to “push.” Instead, the School District referred Addison to a third-party mental-health counselor. The third-party counselor recommended that the School District assess Addison for learning disabilities. Despite the recommendation, the School District did not refer Addison for an educational assessment, and instead promoted Addison to eleventh grade.
In September 2004, Addison’s mother wrote a letter to the School District explicitly requesting an educational assessment and Individualized Education Program (“IEP”) meeting. The assessment took place on December 8, 2004. The IEP team determined that Addison was eligible for special education services on January 26, 2005.
Addison brought an administrative claim under the Individuals with Disabilities Education Act (“IDEA”), 20 U.S.C. §§ 1400-1485, seeking compensatory educational services for the School District’s failure to identify her needs and provide a free appropriate public education. The administrative law judge found for Addison, and the district court affirmed. This appeal timely followed.
II. Analysis

A. IDEA Claims

The IDEA seeks to ensure that children with disabilities have access to a free appropriate public education. 20 U.S.C. § 1400. The IDEA “provides federal funds to assist state and local agencies in educating children with disabilities, but conditions such funding on compliance with certain goals and procedures.” Ojai Unified Sch. Dist. v. Jackson, 4 F.3d 1467, 1469 (9th Cir.1993). One of these conditions is that states enact policies and procedures ensuring that “all children with disabilities ... who are in need of special education services[ J are identified, located, and evaluated.” 20 U.S.C. § 1412(a)(3)(A). This obligation is also known as the “child find” requirement.
The IDEA also requires states to implement a number of procedural safeguards to ensure that disabled children receive an appropriate education. Among these safeguards is the opportunity for any party to present a complaint “with respect to any matter relating to the identification, evaluation, or educational placement of the child.” 20 U.S.C. § 1415(b)(6)(A). 34 C.F.R. § 300.507 implements this due process complaint requirement.
As another, separate procedural safeguard, the IDEA requires that local educational agencies provide written notice to a child’s parents whenever the agency “proposes to initiate or change” or “refuses to initiate or change the identification, evaluation, or educational placement of the child....” 20 U.S.C. § 1415(b)(3). 34 C.F.R. § 300.503(a) implements these notice requirements.
California, in compliance with the IDEA, mandates that local educational agencies “shall actively and systematically seek out *1184 all individuals with exceptional needs.” Cal. Educ.Code § 56300. “All children with disabilities ... shall be identified, located, and assessed.” Cal. Educ.Code § 56301(a). California also allows parents to initiate a due process hearing when there is a proposal or a refusal to initiate or change “the identification, assessment, or educational placement” of a child. Cal. Educ.Code § 56501(a).
The School District first argues that the IDEA’S written notice procedures limit the jurisdictional scope of the due process complaint procedure. The notice provisions set forth in 20 U.S.C. § 1415(b)(3) and 34 C.F.R. § 300.503(a) apply to proposals or refusals to initiate a change regarding a student’s identification, assessment, or placement. The School District asserts that, because it chose to ignore Addison’s disabilities and take no action, it has not affirmatively refused to act. The School District therefore contends that the notice requirement does not apply. The School District further asserts that there can be no due process right to file a claim unless the notice provisions specifically apply to such a claim. We reject this argument.
We read statutes as a whole, and avoid statutory interpretations which would produce absurd results. See United States v. Morton, 467 U.S. 822, 828, 104 S.Ct. 2769, 81 L.Ed.2d 680 (1984); Arizona State Bd. for Charter Schools v. United States Dep’t of Educ., 464 F.3d 1003, 1008 (9th Cir.2006). As the Supreme Court recently stated in the context of an unrelated provision of the IDEA, a “reading of the [Individuals with Disabilities Education] Act that left parents without an adequate remedy when a school district unreasonably failed to identify a child with disabilities would not comport with Congress’ acknowledgment of the paramount importance of properly identifying each child eligible for services.” Forest Grove School Dist. v. T.A., — U.S. -, 129 S.Ct. 2484, 2495, 174 L.Ed.2d 168 (2009). The jurisdictional requirements for an IDEA complaint are clearly set out in 20 U.S.C. § 1415(b)(6)(A), apart from the notice provisions of 20 U.S.C. § 1415(b)(3). Section 1415(b)(6)(A) states that a party may present a complaint “with respect to any matter relating to the identification, evaluation, or educational placement of the child.” (emphasis added). The notice requirements of 20 U.S.C. § 1415(b)(3) do not cabin this broad jurisdictional mandate.[1] Addison’s claim is cognizable under the IDEA.[2]
*1185 The School District also contends, based on Arlington Century School Dist. Bd. of Ed. v. Murphy, 548 U.S. 291, 126 S.Ct. 2455, 165 L.Ed.2d 526 (2006), that it did not have “clear notice” of the availability of an administrative hearing in “child find” cases. This argument has no merit, as the IDEA clearly allows complaints “with respect to any matter relating to the identification, evaluation, or educational placement of the child.” 20 U.S.C. § 1415(b)(6)(A) (emphasis added).

B. Attorneys’Fees

We lastly address, and reject, the School District’s argument that the district court’s award of attorneys’ fees should be vacated. The district court may, in its discretion, award attorneys’ fees to the prevailing party. Aguirre v. Los Angeles Unified School Dist., 461 F.3d 1114, 1115 (9th Cir.2006). In Aguirre, we held that the “degree of success obtained” is the most critical factor in determining whether fees are warranted in an IDEA case. Id. at 1118. Citing Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), we also stated that there is “no precise rule or formula for making these determinations,” and that a district court may award “full fees even where a party did not prevail on every contention.” Id. at 1121 (citations omitted). Here, though the district court did not use the term “degree of success,” it did cite Aguirre as the applicable standard. Considering Addison’s substantial degree of success in administrative and district court proceedings, the district court did not abuse its discretion in awarding attorneys’ fees.
III. Conclusion
We conclude that claims based on a local educational agency’s failure to meet the “child find” requirement are cognizable under the IDEA, and that here, the School District had clear notice of this fact. Accordingly, the district court’s orders granting judgment on the pleadings and awarding attorneys’ fees are AFFIRMED.

. The School District also argues that notice requirements in 20 U.S.C. § 1415(b)(7)(A) strictly limit the scope of 20 U.S.C. § 1415(b)(6). Strict adherence to the language of Section (b)(7)(A), however, would conflict not only with 20 U.S.C. § 1415(b)(6) (granting jurisdiction over "any matter”), but also with 20 U.S.C. § 1415(b)(3) (establishing notice requirements where an agency proposes or refuses to act). Section (b)(7)(A)(ii)(III) requires "a description of the nature of the problem of the child relating to such proposed initiation or change.” Nowhere does Section (b)(7)(A) refer to a refusal to act, despite the explicit inclusion of such language in Section (b)(3). "It is a well-established principle of statutory construction that legislative enactments should not be construed to render their provisions mere surplusage.” American Vantage Cos., Inc. v. Table Mountain Rancheria, 292 F.3d 1091, 1098 (9th Cir.2002) (internal quotation omitted). We therefore do not accept the School District’s suggestion that we should read Section (b)(7)(A) to strictly control the scope of IDEA'S notice and jurisdictional provisions.

. Even if the School District were correct in its contention that IDEA claims may only be brought over proposals or affirmative refusals to initiate a change, Addison's claim would still be cognizable. The School District does not contest that a due process hearing is available when an education agency "refuses to initiate or change[ ] the identification, evaluation, or educational placement of the child, *1185 or the provision of a free appropriate education to the child.” 20 U.S.C. § 1415(b)(3)(B). Instead, the School District seeks to cast its deliberate indifference as something other than a “refusal.” We do not agree with the School District’s characterization. To refuse is "to show or express an unwillingness to do...." Webster's New Collegiate Dictionary 972 (1973 ed.). The School District’s wilful inaction in the face of numerous "red flags” is more than sufficient to demonstrate its unwillingness and refusal to evaluate Addison.