**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| G. M. and R. M., a minor child by and through her mother G.M., | No. 12-56627 |
| Plaintiffs - Appellants, | D.C. No. 8:11-cv-01449-DOC-MLG |
| v. | |
| SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted May 16, 2014
Pasadena, California

Before: NOONAN and WARDLAW, Circuit Judges, and SILVER, Senior District Judge.[**]

Appellants G.M. ("Mother") and R.M. ("Student") appeal the district court's

decision, which affirmed an Administrative Law Judge's determination that

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Roslyn O. Silver, Senior District Judge for the U.S. District Court for the District of Arizona, sitting by designation.

Saddleback Valley Unified School District ("School District") did not violate its "child find" obligation with respect to Student, nor did it fail to provide Student with a Free and Appropriate Public Education ("FAPE"). In addition to ruling on the merits of plaintiffs' claims, the district court also solicited a request for an award of attorneys' fees from the School District based on its conclusion that plaintiffs' claims were frivolous or presented for an improper purpose.

Though a close and novel question, the district court did not err in concluding that the School District complied with its child find duty with respect to Student because it took steps to "identif[y], locate[], and evaluate[]" Student. *Compton Unified Sch. Dist. v. Addison*, 598 F.3d 1181, 1183 (9th Cir. 2010) (quoting 20 U.S.C. § 1412(a)(3)(A)).

Nor did the district court err when it concluded that the School District also met its obligation to provide a FAPE to Student. 20 U.S.C. § 1412(a)(1). The School District drafted an individualized education plan ("IEP") "reasonably calculated to confer an educational benefit on the child." *JG v. Douglas Cnty. Sch. Dist.*, 552 F.3d 786, 801 (9th Cir. 2008). While the IEP may not have been perfect, it did "take into account what was, and was not, objectively reasonable when the snapshot was taken, that is, at the time the IEP was drafted." *Adams v. State of Oregon*, 195 F.3d 1141, 1149 (9th Cir. 1999) (internal quotation marks omitted).

However, the district court's solicitation of a motion for attorneys' fees from the School District on this record was questionable. Congress amended the IDEA in 2004 to allow prevailing school districts to obtain attorneys' fees from the plaintiffs if the litigation was "frivolous, unreasonable, or without foundation," or "presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation." 20 U.S.C. § 1415(i)(3)(B)(i)(II), (III). The district court's order makes clear that it solicited "a future motion for attorney's fees from [the] District" because it had already concluded that plaintiffs' claims were frivolous. The question of whether the School District violated its child find duties was close, and one of first impression for our circuit,[1] especially given that Student's school counselor had been advised

---

[1] We have not yet articulated a test for when the child find obligation is triggered. The parties and the district court rely upon a test articulated by a Hawaii district court. *See Dept. of Educ., Haw. v. Cari Rae S.*, 158 F. Supp. 2d 1190 (D. Haw. 2001) ("[T]he child-find duty is triggered when the [district] has reason to suspect a disability, and reason to suspect that special education services may be needed to address that disability.") (internal quotation marks omitted). The Sixth and Third Circuits have promulgated tests that differ significantly from the *Cari Rae* standard. *See D.K. v. Abington Sch. Dist.*, 696 F.3d 233, 249 (3d Cir. 2012) (noting that "Child Find does not demand that schools conduct a formal evaluation of every struggling student"); *Bd. of Educ. of Fayette Cnty., Ky. v. L.M.*, 478 F.3d 307, 314 (6th Cir. 2007) (holding that the individual claiming a child find violation must demonstrate "that school officials overlooked clear signs of disability and were negligent in failing to order testing or that there was no rational justification for not deciding to evaluate").

of Student's diagnosis of "major depressive disorder" as of at least October 15, 2009. The question of whether the School District failed to provide a FAPE was, at a minimum, legally cognizable. *See R.P. ex rel. C.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1126 (9th Cir. 2011) ("Lawyers would be improperly discouraged from taking on potentially meritorious IDEA cases if they risked being saddled with a six-figure judgment for bringing a suit where they have a plausible, though ultimately unsuccessful, argument, as here."). We remand in part to the district court so it may consider whether it should have solicited the request of attorneys' fees from the district.[2]

Each side shall bear its own costs.

**AFFIRMED; REMANDED.**

---

[2] Plaintiffs' failed to appeal the November 26, 2012 order granting the School District's motion for attorneys' fees, so we lack jurisdiction over the actual amount awarded.