NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| J. K. and J. C., on behalf of themselves and on behalf of K.K-R., a minor,<br><br>            Plaintiffs-Appellants,<br><br>  v.<br><br>MISSOULA COUNTY PUBLIC SCHOOLS,<br><br>            Defendant-Appellee. | No.   16-35687<br><br>D.C. No. 9:15-cv-00122-RWA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Richard W. Anderson, Magistrate Judge, Presiding

Argued and Submitted February 9, 2018
Seattle, Washington

Before:  M. SMITH and MURGUIA, Circuit Judges, and GORDON,[**] District Judge.

Plaintiffs-Appellants J.K. and J.C. bring this appeal on behalf of their

daughter, K.K-R., asserting that the Missoula County Public Schools ("MCPS")

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Andrew P. Gordon, United States District Judge for the District of Nevada, sitting by designation.

violated the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq*. when it failed to evaluate K.K-R. for special education services until 2013. After a 15-day administrative due process hearing, the hearing officer denied Plaintiffs-Appellants' claims, concluding that the IDEA's two-year statute of limitations barred Plaintiffs-Appellants' claims before 2012, and that MCPS did not violate the IDEA. Plaintiffs-Appellants then filed suit in federal court, and the district court dismissed Plaintiffs-Appellants' amended complaint and entered judgment for MCPS. Reviewing the district court's factual findings for clear error, *see N.B. v. Hellgate Elem. Sch. Dist. ex rel Bd. of Dirs.*, 541 F.3d 1202, 1207 (9th Cir. 2008), we affirm.

"[T]he IDEA's statute of limitations requires courts to bar only claims brought more than two years after the parents or local educational agency 'knew or should have known' about the actions forming the basis of the complaint." *Avila v. Spokane Sch. Dist. 81*, 852 F.3d 936, 937 (9th Cir. 2017); *see also* 20 U.S.C. § 1415(f)(3)(C). The record supports the district court's finding that Plaintiffs-Appellants knew or should have known the alleged action forming the basis of their complaint by August 2009 when they first enrolled K.K-R. in middle school. Because Plaintiffs-Appellants failed to file their claims until October 1, 2014, their claims arising prior to October 1, 2012, are barred by the statute of limitations.

As a state entity receiving assistance under the IDEA, MCPS has an obligation to identify, locate, and evaluate all students with disabilities in its boundaries. *See* 20 U.S.C. § 1412(a)(3)(A); *see also, e.g., Compton Unified Sch. Dist. v. Addision*, 598 F.3d 1181, 1183 (9th Cir. 2010). The duty to evaluate a student arises when disability is "suspected," or "when the district has notice that the child has displayed symptoms of that disability." *Timothy O. v. Paso Robles Unified Sch. Dist.*, 822 F.3d 1105, 1119 (9th Cir. 2016). MCPS knew in the spring of 2010 that K.K-R. was hospitalized for suicidal ideations, arguably triggering its child find obligation. *See* 20 U.S.C. § 1401(3)(A)(defining "child with a disability" to include a child with "serious emotional disturbance"); *see also L.J. by and through Hudson v. Pittsburg Unified Sch. Dist.*, 850 F.3d 996, 1006–07 (9th Cir. 2017) (finding that a student who exhibited behavioral issues and attempted suicide outside of school required special education services). Therefore, the district court may have erred in finding that MCPS did not violate its child find obligation in the spring of 2010. Nevertheless, because the two-year statute of limitations on this violation lapsed in the spring of 2012 and Plaintiffs-Appellants filed their claim in October 2014, Plaintiffs-Appellants' claim on this issue is barred. *See* 20 U.S.C. § 1415(f)(3)(C); *see also Avila*, 852 F.3d at 937.

The record otherwise reflects that MCPS allowed Plaintiffs-Appellants to participate in developing K.K-R.'s educational plan and, contrary to Plaintiffs-

Appellants' claim, had not "predetermined" K.K-R.'s placement. *See K.D. ex rel C.L. v. Dep't of Educ.*, 665 F.3d 1110, 1123 (9th Cir. 2011) (explaining that a school district violates the IDEA if it predetermines placement for a student before developing the child's individualized education plan ("IEP")). Additionally, the record supports the district court's finding that MCPS developed an IEP that appeared "reasonably calculated" to enable K.K-R. to make progress in Missoula County schools. *See Endrew F. ex rel Joseph F. v. Douglas Cty Sch. Dist. RE-1*, 137 S. Ct. 988, 999 (2017) (holding that "[t]o meet its substantive obligation under the IDEA, a school must offer an IEP reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances."). Because MCPS complied with IDEA's procedural and substantive requirements beginning in October 2012, Plaintiffs-Appellants are not entitled to reimbursement for the costs of placing K.K-R. at Maple Lake Academy. *See W.G. v. Bd. of Trs. of Target Range Sch. Dist. No. 23*, 960 F.2d 1479, 1485–86 (9th Cir. 1992) (explaining that parents have an equitable right to reimbursement only if a school district has failed to offer a child free appropriate public education) *superseded in part by statute on other grounds*; *see also Everett v. Santa Barbara High Sch. Dist.*, 28 F. App'x 683, 685 (9th Cir. 2002).

**AFFIRMED.**