**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 03 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JULIE WALHOVD, | No. 11-56603 |
| Plaintiff - Appellee, | D.C. No. 2:08-cv-00394-GAF-CW |
| v. | |
| BELLFLOWER UNIFIED SCHOOL DISTRICT, A Local Educational Agency, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted May 7, 2013
Pasadena, California

Before: PREGERSON and FISHER, Circuit Judges, and GWIN, District Judge.**

Bellflower Unified School District ("Bellflower") appeals two issues: (1) the

*merits* of the district court's decision in student plaintiff Julie Walhovd's

("Walhovd") Individuals with Disabilities in Education Act (IDEA) lawsuit; and,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable James S. Gwin, District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

(2) the district court's ruling that Walhovd was a prevailing party in the lawsuit resulting in an award of $57,231.25 in attorneys' fees and costs to Walhovd pursuant to the IDEA. We affirm.

In 2005, Walhovd was accused of starting a fire at school and suspended. Walhovd filed an administrative complaint before the Office of Administrative Hearings. Walhovd complained about her twenty-two day suspension and alleged a due process violation based on the long running deficiencies in the public education Bellflower provided her. The parties reached a settlement on the suspension issue, but proceeded to a hearing on the due process issue.

In 2007, the ALJ issued a decision on both the suspension and due process issues. The ALJ found that the interim settlement agreement resolved all issues related to compensatory education for Walhovd's suspension. The ALJ also found that Bellflower failed to provide Walhovd a fair and adequate public education for two school years, from 2004-2006. The ALJ ordered Bellflower to provide ten hours of compensatory education and to reimburse the cost of Walhovd's reading evaluation.

In 2008, Walhovd filed suit in the Central District of California, seeking review of the ALJ's decision under the IDEA to obtain even more compensatory relief. In 2009, the district court affirmed most of the ALJ's decisions. The district

2

court, however, reversed the ALJ's determination that the interim settlement agreement resolved the issue of compensatory education for Walhovd's 2005 suspension and remanded to the ALJ with instructions to consider the issue of compensatory education.

**1.** In 2009, Bellflower appealed the merits of the district court's decision. This appeal was dismissed as premature by the Ninth Circuit, because the district court had not yet issued a final decision on the remanded issue. *Walhovd v. Bellflower Unified Sch. Dist.*, No. 09-56996 (9th Cir. May 31, 2011) (order dismissing for lack of jurisdiction). On June 14, 2010, the ALJ issued a decision on this issue in Bellflower's favor. At that point, the parties had ninety days to appeal the ALJ's decision to the district court in order to obtain a final decision appealable to this Court. Cal. Educ. Code § 56505(k). Neither party did so.

Instead, Bellflower filed this appeal on September 16, 2011, basing its appeal on the final judgment rendered on the attorneys' fees issues. But the attorneys' fees issue and the underlying merits of the case must be treated as separate cases with separate deadlines for appeal. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199 (1988). Thus, this court lacks jurisdiction to consider the district court's decision on the merits, which became final in 2010.

**2.** Bellflower also contests the district court's award of attorneys' fees and costs to Walhovd. In its 2009 judgment in favor of Walhovd, the district court stated that Walhovd was a prevailing party in the underlying administrative due process hearing and that her "significant and substantial" degree of success justified an award of attorneys' fees and costs. *See* 20 U.S.C. § 1415(i)(3)(B)(i)(I) (authorizing district courts to "award reasonable attorneys' fees . . . to a prevailing party who is the parent of a child with a disability"). Shortly after the district court issued its judgment, Walhovd moved for an award of fees and costs. The district court deferred ruling on Walhovd's attorneys' fees and costs until the remanded suspension issue was decided by the ALJ, and Bellflower's 2009 appeal to the Ninth Circuit was disposed of. In August 2011, the district court granted Walhovd's motion for attorneys' fees and costs and entered judgment against Bellflower in the amount of $57,231.25. Bellflower timely appealed the district court's award of attorneys' fees and costs. We do have jurisdiction over this appeal.

We hold that Walhovd is a prevailing party in this suit. "A prevailing party is one who succeed[s]," as Walhovd did here, "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Weissburg v. Lancaster Sch. Dist.*, 591 F.3d 1255, 1258 (9th Cir. 2010). We also

4

hold that the district court's evaluation of Walhovd's degree of success was reasonable. "[T]here is 'no precise rule or formula for making these determinations,' and . . . a district court may award 'full fees even where a party did not prevail on every contention." *Compton Unified Sch. Dist. v. Addison*, 598 F.3d 1181, 1185 (9th Cir. 2010) (further citation omitted). The district court noted that "after evaluating the itemized bill, the Court finds that the number of hours billed by [Walhovd's] counsel is . . . reasonable, especially considering that [Walhovd] only seeks to recover half of the total hours billed in both federal and administrative matters." Thus, the "'degree of success obtained'" by Walhovd is sufficient to merit the recovery of attorneys' fees. *Aguirre v. L.A. Unified Sch. Dist.*, 461 F.3d 1114, 1118 (9th Cir. 2006) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)).

   **AFFIRMED.**