**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

MONICA BEAUCHAMP,
    *Plaintiff-Appellant*,

v.

ANAHEIM UNION HIGH SCHOOL
DISTRICT,
    *Defendant-Appellee*.

No. 14-56212

D.C. No.
8:13-cv-01965-
MWF-JC

OPINION

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted
February 9, 2016—Pasadena, California

Filed March 16, 2016

Before: M. Margaret McKeown and Sandra S. Ikuta,
Circuit Judges, and Robert W. Pratt, Senior District Judge.[*]

Opinion by Judge Pratt

---

[*] The Honorable Robert W. Pratt, Senior District Judge for the U.S. District Court for the Southern District of Iowa, sitting by designation.

## SUMMARY[**]

### Individuals with Disabilities Education Act / Attorney Fees

The panel affirmed the district court's award of attorney fees to plaintiff, the parent of a child with a disability, following administrative proceedings under the Individuals with Disabilities Education Act.

The panel affirmed the district court's decision not to award fees for services performed subsequent to a written settlement offer because the relief obtained at the administrative hearing was not more favorable to the plaintiff than the settlement offer, and the plaintiff was not substantially justified in rejecting the offer.

The panel held that the district court did not abuse its discretion by lowering counsel's requested rate. The panel also held that an issue regarding paralegal fees was barred by collateral estoppel.

### COUNSEL

Tania L. Whiteleather (argued), Law Offices of Tania L. Whiteleather, Lakewood, California, for Plaintiff-Appellant.

Jonathan J. Mott (argued), Parker & Covert LLP, Tustin, California, for Defendant-Appellee.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

PRATT, District Judge:

This case involves a due process complaint filed under the Individuals with Disabilities in Education Act ("IDEA") against Defendant-Appellee Anaheim Union High School District (the "District") by Petitioner-Appellant Monica Beauchamp ("Beauchamp") on behalf of her son, J.E. The administrative process that followed was bifurcated into an expedited and a non-expedited hearing. Beauchamp and J.E. prevailed at both hearings. This appeal concerns the district court's award of attorney fees to Beauchamp's attorney, Tania Whiteleather ("Whiteleather"), following the non-expedited hearing. The district court awarded $7,780 in fees, substantially less than the $66,420 requested. The primary rationale for the district court's reduction was its conclusion that Beauchamp had unreasonably rejected a timely settlement offer. The district court also lowered Whiteleather's requested hourly rate from $450 to $400, and rejected a request for paralegal fees. For the reasons that follow, we affirm the district court's award in its entirety.

## I.  BACKGROUND

In early February 2012, J.E., then a sophomore in high school, was involved in a disciplinary incident at Kennedy High School ("Kennedy") in the District. The District instituted disciplinary procedures against J.E., removed him from Kennedy, and placed him at a community day school. In late February 2012, Beauchamp requested that the District evaluate J.E. for special education services; the District performed an evaluation and J.E. was found eligible under the categories of "emotional disturbance" and "other health

impaired" based on a diagnosis of anxiety and attention deficit disorder. Beauchamp subsequently filed an IDEA due process complaint against the District on March 26, 2012, arguing that the District had evidence of J.E.'s disability as far back as March 2010, and that the District's failure to evaluate him until March 2012 violated IDEA and denied J.E. a free and appropriate public education ("FAPE") for the two intervening years.

Pursuant to IDEA, the administrative proceeding was bifurcated. The first hearing was expedited and examined whether the District had a "basis of knowledge" that J.E. was a child with a disability at the time it removed him from Kennedy. On May 9, 2012 the administrative law judge ("ALJ") issued a favorable decision for J.E. The District appealed to the district court and the ALJ's findings were affirmed on May 21, 2013. The district court also awarded attorney fees for Whiteleather's work in the expedited proceeding, but lowered her requested hourly rate, and rejected a request for paralegal fees. That decision was affirmed by this court in related appeal *Anaheim Union High School District v. J.E.*, No. 13-56738, 2016 WL 695979 (9th Cir. Feb. 22, 2016).

While the expedited-hearing appeal was pending before the district court, the parties engaged in settlement discussions with regard to the non-expedited proceedings, which focused on whether the District violated its "child-find" obligations under IDEA by failing to timely evaluate J.E. for special education services. By letter dated September 28, 2012, the District made a settlement offer to Beauchamp and J.E. that included the following relief: (1) 80 hours of individual tutoring by a credentialed special education teacher; (2) reimbursement of the costs of a private evaluation

conducted by Perry D. Passaro, Ph.D; (3) 20 hours of compensatory counseling services by a credentialed school psychologist; and (4) reimbursement of reasonable attorney fees and costs.  The offer was made with the understanding that the District would not make an admission on the child-find issue or abandon its appeal from the expedited hearing.  The District's offer further stated that "[t]he terms offered above will be incorporated into an industry standard general compromise and release agreement that will effectuate the offer outlined and permit the District to provide the offered reimbursements and services."

Beauchamp rejected the offer and the non-expedited hearing was held over seven days between January 14, 2013 and February 6, 2013.  On March 20, 2013, the ALJ issued a favorable ruling for J.E. and awarded:  (1) six hours of individual counseling by a credentialed mental health professional; and (2) reimbursement for the cost of Dr. Passaro's examination.  Neither party appealed the ALJ's decision.  Thereafter, Beauchamp filed a motion in the district court for an award of attorney fees at a rate of $450 per hour, paralegal fees, and costs under 20 U.S.C. § 1415(i)(3)(A). The District moved for summary judgment, arguing in relevant part that:  (1) under 20 U.S.C. § 1415(i)(3)(D), Beauchamp was not entitled to fees incurred after she rejected the District's September 28, 2012 offer; (2) the requested hourly rate was too high; and (3) an award of paralegal fees was barred by collateral estoppel because the district court had already ruled on the issue in the expedited-hearing appeal.  Beauchamp filed a cross-motion for summary judgment, arguing that Whiteleather was entitled to fees incurred both before and after the settlement offer at a rate of $450 per hour, as well as paralegal fees.  The district court issued an order on June 26, 2014, awarding $7,780 in fees

incurred before the District's settlement offer at an hourly rate of $400, and concluding that the issue of paralegal fees was barred by collateral estoppel.  This appeal followed.

## II.  STANDARD OF REVIEW

An award of attorney fees in an IDEA case is reviewed for an abuse of discretion.  *C.W. v. Capistrano Unified Sch. Dist.*, 784 F.3d 1237, 1243–44 (9th Cir. 2015).  "'The district court's underlying factual determinations are reviewed for clear error and its legal analysis relevant to the fee determination is reviewed de novo.'"  *T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 467 (9th Cir. 2015) (quoting *Shapiro ex rel. Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 374 F.3d 857, 861 (9th Cir. 2004)), *petition for cert. filed*, No. 15-1059 (U.S. Feb. 22, 2016).  We review de novo the district court's decision to deny an award of fees incurred after the District's settlement offer.  *Id*. at 476.  We also review de novo the district court's application of collateral estoppel to the issue of paralegal fees.  *See Pardo v. Olson & Sons, Inc.*, 40 F.3d 1063, 1066 (9th Cir. 1994).

## III.  DISCUSSION

### A.  Attorney Fees

Under IDEA, a court "may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability."  20 U.S.C. § 1415(i)(3)(B)(i)(I).  But fees and costs may not be awarded for services performed subsequent to a written settlement offer if:

> (I)  the  offer  is  made  within  the  time prescribed by Rule 68 of the Federal Rules of

Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins;

(II) the offer is not accepted within 10 days; and

(III) the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement.

*Id*. § 1415(i)(3)(D)(i)(I)–(III).    "Notwithstanding subparagraph (D), an award of attorneys' fees and related costs may be made to a parent who is the prevailing party and who was substantially justified in rejecting the settlement offer." *Id*. § 1415(i)(3)(E).

### 1.  The Settlement Agreement

There is no dispute that Beauchamp is a prevailing party entitled to attorney fees.  It is also undisputed that the District's offer was made more than ten days before the non-expedited hearing, and that Beauchamp did not accept the offer within ten days.  Instead, Beauchamp argues that the relief she obtained at the administrative hearing was more favorable to her than the settlement offer because she obtained a ruling that the District violated its child-find obligations.  Alternatively, Beauchamp argues that she was substantially justified in rejecting the settlement offer.

**a. The relief obtained at the administrative hearing was not more favorable to Beauchamp than the settlement offer.**

The district court concluded that the outcome at the administrative hearing was not more favorable to Beauchamp than the relief offered in the District's September 28, 2012 settlement letter. Beauchamp does not dispute that the District's offer contained more counseling and tutoring hours for J.E. than what was awarded by the ALJ. Nonetheless, Beauchamp argues that without a ruling from the ALJ on the child-find issue in the non-expedited hearing, she risked reversal in the pending expedited-hearing appeal. For the reasons discussed below, we find Beauchamp's argument to be without merit because the two proceedings were not legally dependent upon one another.

The expedited-hearing appeal focused on whether, on the date J.E. was removed from Kennedy, the District had a basis of knowledge that J.E. was a student with a disability. Under 20 U.S.C. § 1415(k)(5)(A), a student like J.E., who has violated a code of student conduct but has not yet been identified for special education services, can claim protection under IDEA if it can be shown that the school district "had knowledge . . . that the child was a child with a disability before the behavior that precipitated the disciplinary action occurred." In contrast, the non-expedited portion of the hearing evaluated whether the District had complied with its child-find obligations under IDEA. Child-find requires school districts to develop a method to identify, locate, and evaluate students with disabilities who are in need of special education services. 20 U.S.C. § 1412(a)(3)(A). Specifically with regard to J.E., the question was on which date the District should have initiated the evaluation process, and what

remedy would compensate J.E. for the period of time when he should have been receiving special education services under IDEA.

A ruling that the District violated its child-find obligation was not a prerequisite for the district court to conclude in the expedited-hearing appeal that the District had a basis of knowledge that J.E. was a student with a disability at the time of his removal from Kennedy in February 2012.  The very fact that the issues were bifurcated with the basis-of-knowledge issue to be decided on an expedited timeline largely undermines Beauchamp's argument to the contrary. Had Beauchamp accepted the settlement offer, the district court's analysis of the expedited-hearing appeal would have been unaffected.   Beauchamp's decision to reject the settlement offer was purely strategic—she hoped that a favorable ruling on the child-find issue would guarantee a favorable ruling in the expedited-hearing appeal.  But, as the district court noted, a ruling is not relief.  A favorable ruling on either legal issue in this case would have provided no practical relief to Beauchamp because, at the time of the settlement offer, J.E. had already been evaluated for, and was receiving, appropriate special education services from the District.  *See Dell v. Bd. of Educ.*, 918 F. Supp. 212, 217 (N.D. Ill. 1995) (explaining that because a student's educational placement was no longer at issue, favorable legal rulings could not "be viewed as independent victories . . . nor [could] they be understood as constituting independent elements of relief").  The only question that remained was whether J.E. was entitled to relief for the alleged delay in his evaluation process, and Beauchamp agreed that the relief offered by the District in the form of counseling, tutoring, and reimbursement of fees and costs was acceptable to her.  Thus, from the parent's perspective, there was nothing to be gained

by rejecting the settlement offer and obtaining a ruling on the child-find issue. *See* 20 U.S.C. § 1415(i)(3)(D)(i)(III) ("Attorneys' fees may not be awarded . . . if the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable *to the parents* than the offer of settlement.") (emphasis added). Accordingly, we conclude that the outcome of the administrative hearing was not more favorable to Beauchamp than the District's settlement offer.

### b. Beauchamp was not substantially justified in rejecting the settlement offer.

Beauchamp also argues that she was substantially justified in rejecting the settlement offer. There is little precedent interpreting the phrase "substantially justified," but examples from other cases include situations where the offer failed to cover the parents' attorney fees, *see Dicks v. Dist. of Columbia*, 109 F. Supp. 3d 126, 131–32 (D.D.C. 2015), where the parent had a good faith, reasonable belief that their eventual recovery would be higher than the offer, *see J.P. ex rel. Peterson v. Cnty. Sch. Bd. of Hanover Cnty., VA*, 641 F. Supp. 2d 499, 508–09 (E.D. Va. 2009), and where a relevant pending court action could have affected the favorability of the settlement terms, *see B.L. ex rel. Lax v. Dist. of Columbia*, 517 F. Supp. 2d 57, 61 (D.D.C. 2007).

Beauchamp first argues that she was substantially justified in rejecting the District's offer because it was vague and ambiguous. The offer stated that the terms would "be incorporated into an industry standard general compromise and release agreement that [would] effectuate the offer outlined and permit the District to provide the offered reimbursements and services." Beauchamp argues that she

could not have accepted the offer without knowing what those terms were, and particularly whether they included any waiver of rights.

Beauchamp's argument is premised on the contention that the District's settlement offer, like offers made under Federal Rule of Civil Procedure 68, should have been construed as non-negotiable. Rule 68 states, in relevant part:

> (a) **Making an Offer; Judgment on an Accepted Offer.** At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.
>
> . . .
>
> (d) **Paying Costs After an Unaccepted Offer.** If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

It is widely accepted that "[t]he [Rule 68] offer, once made, is non-negotiable; it is either accepted, in which case it is automatically entered by the clerk of court, or rejected, in which case it stands as the marker by which the plaintiff's results are ultimately measured." *Nusom v. Comh Woodburn,*

*Inc.*, 122 F.3d 830, 834 (9th Cir. 1997).  Accordingly, any ambiguities in a Rule 68 offer are typically construed against the offeror.    *Id*.  ("[D]efendants bear the brunt of uncertainty."); *see also Webb v. James*, 147 F.3d 617, 623 (7th Cir. 1998) (stating that "the plaintiff should not be left in the position of guessing what a court will later hold the offer means").

Beauchamp argues that her rejection of the offer was substantially justified because it was unclear what rights she waived upon acceptance, and that she should not have been expected to seek clarification of what industry-standard terms the District intended to incorporate.  Beauchamp cites *T.B.*, a recent IDEA case decided by this court, in support of her argument.  806 F.3d 451.  In that case, the district court concluded that the parents of a disabled student unreasonably rejected a settlement offer from the school district and reduced its award of attorney fees to the parents.  *Id*. at 465–66.  This court reversed, in part because we found that the school district had injected ambiguity into the offer.  *See id*. at 478.  A cover letter dated two months prior to the offer stated that the school district was "open to including" reasonable attorney fees, but the offer itself stated that "each party . . . shall bear . . . its own costs, expenses, and attorneys' fees."  *Id*. at 477–78.  This court found that the parents were entitled to rely on what was explicitly written in the offer and "should not have been required to assume" that the school district was open to paying fees.  *Id*. at 478.

This case is distinguishable from *T.B.* because the District never contradicted itself, and the September 28, 2012 letter was not ambiguous or vague.  It explicitly stated the material terms of the offer, and, as is customary in settlement negotiations, explained that the terms would be incorporated

into a final document.  Notably, while *T.B.* mentioned the similarities between the IDEA settlement provisions and Rule 68, the case did not hold that an offer made under IDEA was non-negotiable, nor did it hold that a parent could not seek clarification of the terms of an offer.  Indeed, the facts of *T.B.* make clear that the school district and the parents in that case engaged in ongoing oral settlement discussions and exchanged at least one written offer and counter-offer.  *Id*. at 459–60.  No provision of IDEA prevented Beauchamp from doing the same in this case—she could have sought clarification of what the industry-standard terms would include or she could have made a counter-offer.  *See Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 53 (2005) ("The core of [IDEA] . . . is the cooperative process that it establishes between parents and schools.").  Thus, we conclude that Beauchamp was not substantially justified in rejecting the offer.[1]

---

[1] Beauchamp also argues that she was substantially justified in rejecting the offer because the expedited-hearing appeal was still pending. Beauchamp requests that we take judicial notice of a 1986 House of Representatives Conference Report which states that a "relevant pending court decision[] which could have an impact on the case in question" could provide substantial justification for rejecting an IDEA settlement offer.  *See* H.R. Rep. No. 99-687, at 6 (1986) (Conf. Rep.).  Although we grant Beauchamp's request for judicial notice because the Conference Report is a matter of public record, we reject her argument for the same reasons discussed *supra* in Section III.A.1.a.  *See McConnell v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2001) ("We may take judicial notice of undisputed matters of public record.").  The outcome of the expedited-hearing appeal had no legal bearing on the outcome of the non-expedited hearing or vice versa; thus, such a rationale does not provide a substantial justification for rejecting the District's settlement offer.

### 2.  Hourly Rate

Beauchamp next argues that the district court abused its discretion by lowering Whiteleather's requested rate from $450 to $400, and by not requiring the District to rebut her evidence of the appropriate rate.  IDEA requires that any fee award "be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished."    20 U.S.C. § 1415(i)(3)(C). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate."  *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "The district court must provide a concise but clear explanation of its reasons for the fee award."  *Id*. at 406 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

In support of her request for fees, Whiteleather submitted her own declaration, the declarations of other attorneys practicing education law in the Central District of California, and two orders from recent IDEA cases where she was awarded fees.  Here, only fees for administrative hearing work were at issue, but not all of the evidence Whiteleather submitted acknowledged the distinction between administrative hearing work and work in the district court or court of appeals.  The evidence that did explicitly reference administrative work largely supported the district court's conclusion that "$400 is the prevailing market rate, and that Ms. Whiteleather performed at a level of proficiency commensurate with that rate."

Most notably, Whiteleather's own declaration states that she has been representing students in special education matters since 1996 and that "[r]ecently, the federal courts have ordered payment of [her] due process work at $400 to $425 per hour." In two previous IDEA cases, Whiteleather was awarded $425 per hour for administrative work and $400 for district court work. *See Walhovd v. Bellflower Unified Sch. Dist.*, CV 08-00394 (C.D. Cal. Aug. 17, 2011), *aff'd*, 526 Fed. App'x. 803 (9th Cir. 2013); *C.B. ex rel. Baquerzio v. Garden Grove Unified Sch. Dist.*, CV 08-1047 (C.D. Cal. Jan. 18, 2012). The declaration of Patricia Cromer, an attorney with 15 years of special education experience, stated that her hourly rate for due process hearings is $350 to $425 per hour. Only one additional declaration, from an attorney who has practiced law in southern California since 1986, established a rate of $450 per hour for administrative work. The other declarations Whiteleather submitted as evidence may have identified higher hourly rates, but they either referenced district court and appellate work specifically or did not specify whether the rates were charged for administrative work.

Whiteleather argues that the District was required to rebut her evidence of a reasonable fee with its own evidence. But "[t]he [fee] applicant has an initial burden of production," to produce "satisfactory evidence" that the fee requested is reasonable. *United States v. $28,000 in U.S. Currency*, 802 F.3d 1100, 1105 (9th Cir. 2015). "[T]he applicant's initial duty of production is not excused by lack of opposition." *Id.* Here, the evidence Whiteleather herself submitted supports the $400 rate. Accordingly, it was not an abuse of discretion for the district court to apply that rate without seeking additional rebuttal evidence from the District. *See id.* ("A district court does not improperly

shoulder defendant's burden of challenging the fee petition in finding that the applicant has failed to meet its initial burden of production." (internal quotation marks omitted)).

Beauchamp also argues that the district court did not sufficiently explain its award.  The district court "may make general, across-the-board adjustments" to a request for attorney fees, but fee cuts "'beyond the safety zone of a haircut'" must be accompanied by a "'weightier and more specific'" explanation.  *T.B.*, 806 F.3d at 486 (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1113 (9th Cir. 2008)).  Here, while the district court could have said more, its explanation was sufficient for a reduction of only $50 per hour.

## B.  Paralegal Fees

Finally, Beauchamp argues that the district court erred by rejecting her request for paralegal fees.  Beauchamp argues that Dr. Susan Burnett worked as a paralegal in this case, not as an educational consultant, and that Beauchamp was therefore entitled to reimbursement for her services.  The district court concluded that because it had already found that Dr. Burnett was an educational consultant in the expedited-hearing appeal, the issue was barred by collateral estoppel.

"Collateral estoppel, or issue preclusion, bars the relitigation of issues actually adjudicated in previous litigation between the same parties."  *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1320 (9th Cir. 1992).  For the doctrine to apply:  (1) the issue must be identical to one alleged in prior litigation; (2) the issue must have been "actually litigated" in the prior litigation; and (3) the determination of the issue in the prior litigation must have

been "critical and necessary" to the judgment. *Id*. The parties to this action are identical to those in the expedited-hearing appeal. The issue is also identical—whether Dr. Susan Burnett acted as a paralegal or as an educational consultant in J.E.'s case. *See Anaheim Union High Sch. Dist.*, 2016 WL 695979 at \*1. In the expedited-hearing appeal, the parties presented arguments on the issue, and the district court made a final ruling which was appealed and affirmed by this court. *See id*. Accordingly, the issue was actually litigated and adjudicated. Finally, the question of whether Dr. Burnett was a paralegal or an educational consultant was critical to the judgment because consultant fees are not recoverable under IDEA. *See Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 300 (2006) ("[T]he terms of the IDEA overwhelmingly support the conclusion that prevailing parents may not recover the costs of experts or consultants."). Because all of the elements of collateral estoppel are established, we conclude that the district court did not err by applying the doctrine.

## IV. CONCLUSION

For the reasons explained herein, the district court's order is **AFFIRMED**.