**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| I. T., by and through his parents Renee and Floyd T., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> DEPARTMENT OF EDUCATION, STATE OF HAWAII, <br><br> Defendant-Appellee. | No.    14-16036 <br><br> D.C. No. 1:11-cv-00676-LEK-KSC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted June 16, 2017[**]
Honolulu, Hawaii

Before:  FISHER, PAEZ, and NGUYEN, Circuit Judges.

I.T. appeals the district court's orders reducing attorney's fees for limited

success and reducing counsel's requested hourly rate to $300.  We have

jurisdiction under 28 U.S.C. § 1291, we review for an abuse of discretion, *see*

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 900 (9th Cir. 1995), and we affirm.

**1.** The district court did not abuse its discretion by reducing both fee motions by twenty percent. In Individuals with Disabilities Education Act ("IDEA") cases, district courts may reduce attorney's fees based on the plaintiff's "degree of success" in the litigation. *Aguirre v. L.A. Unified Sch. Dist.*, 461 F.3d 1114, 1119-21 (9th Cir. 2006). I.T.'s success in this case was clearly limited, given that he prevailed on only "one narrow issue"—the lack of speech-language services in two individualized education plans—and obtained only thirteen percent of the relief he requested. *See Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983) ("A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole."). The district court thoroughly explained its reductions, devoting several pages to the limited success analysis. *See, e.g.*, *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("When the district court makes its award, it must explain how it came up with the amount. The explanation need not be elaborate, but it must be comprehensible."). Accordingly, the district court did not abuse its discretion in reducing the fee motions by twenty percent for limited success.

**2.** The district court also did not abuse its discretion by reducing counsel's requested hourly rate to $300. The "IDEA requires that any fee award 'be based

2

on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished.'" *Beauchamp v. Anaheim Union High Sch. Dist.*, 816 F.3d 1216, 1224 (9th Cir. 2016) (quoting 20 U.S.C. § 1415(i)(3)(C)). I.T.'s request for a $400 rate here is largely predicated on a 2013 decision by the Hawaii Supreme Court, *Kaleikini v. Yoshioka*, 304 P.3d 252 (Haw. 2013). But that case, in stark contrast to the case here, involved claims against the City and County of Honolulu and the State of Hawaii for failing to conduct an archaeological inventory survey on a transit rail project. *Id.* at 256. Even if that case were on point, however, this one case alone did not establish the *prevailing* rate in the community for similar work performed by attorneys of comparable skill, experience, and reputation. *See, e.g., Trevino v. Gates*, 99 F.3d 911, 924-25 (9th Cir. 1996). Moreover, we recently affirmed an hourly rate of $285 for a similar IDEA case in Hawaii. *See Sam K. ex rel. Diane C. v. Hawaii Dep't of Educ.*, 788 F.3d 1033, 1040-41 (9th Cir. 2015). Accordingly, the district court did not abuse its discretion in finding that an hourly rate of $300 was consistent with prevailing rates in the community.

**AFFIRMED.**