**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ANTHONY THOMAS CHERNETSKY, | No. 15-15146 |
| Plaintiff-Appellant, | D.C. No. 3:06-cv-00252-RCJ-WGC |
| v. | |
| STATE OF NEVADA; GLENN WHORTON; JACK PALMER; CHERI SCOTT; LENARD VARE; ROBERT LEGRAND, Warden; DOROTHY NASH HOLMES; JANE FORAKER-THOMPSON; DONALD HELLING, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted September 19, 2017
San Francisco, California

Before: GOULD, CLIFTON, and WATFORD, Circuit Judges.

Anthony Thomas Chernetsky challenged several alleged restrictions on his

religious exercise pursuant to Religious Land Use and Institutionalized Persons

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Act (RLUIPA). The district court granted Chernetsky summary judgment on his main claim: a claim for access to prison sweat lodges. It granted summary judgment to defendants on all other claims. Defendants appealed the sweat lodge ruling and Chernetsky appealed the ruling on his other claims. We affirm in part, vacate in part, and remand.

After the filing of this appeal, the Nevada Department of Corrections Religious Practice Manual (AR 810) was amended. The revisions to the manual affect some of the issues in this appeal.

The manual now allows "earth-based religious adherents [for whom sweat lodge use] constitutes 'religious exercise'" to use a sweat lodge. We thus previously granted the State's motion to voluntarily dismiss its appeal. The only issues that remain arise from Chernetsky's cross-appeal.

The district court granted defendants' motion for summary judgment against Chernetsky's claim regarding anointing oils. The AR 810 changes also implicate his access to oils. The manual now lists "[n]on-flammable, non-toxic anointing oil" as an allowed "item[] of Group Religious Property" for "all Faith Groups." That appears to provide Chernetsky with the relief he sought. We vacate the summary judgment on the issue of natural anointing oils and remand so that the

district court may determine whether there is still a dispute and, if so, to adjudicate it based on the current provisions.

Chernetsky appeals the district court's grant of summary judgment against him on his claim regarding his request for unpaid time off.  Chernetsky failed to demonstrate that he asked for and was denied time off. On appeal, Chernetsky argues that the state denied other prisoners' requests for time off, but that does not establish that he was injured or was deprived of the ability to practice his religion. Thus, we affirm the summary judgment in favor of defendants on the work proscription days claim.

Chernetsky appeals the district court order denying his motion for leave to amend his complaint.  The proposed amended complaint attempted to revive Chernetsky's constitutional claims.  These claims had not been part of the case since 2007.  A denial of a motion for leave to amend is reviewed for abuse of discretion. *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 949 (9th Cir. 2006).  It was not "illogical, implausible, or without support in inferences that may be drawn from the record" for the district court to conclude that adding a variety of constitutional claims to a case that had been pending for seven years would cause delay and prejudice defendants.  *See United States v. Hinkson*, 585

F.3d 1247, 1262 (9th Cir. 2009). We affirm the district court's denial of Chernetsky's motion for leave to amend his complaint.

Chernetsky appeals the summary judgment on his claim regarding a prohibition on the use of open fires during ceremonies on the ground that the claim had become moot. He agrees that the ban was no longer in effect at the time the district court ruled against him, but he appeals based on a concern that he will be precluded from presenting his challenge in the future if the ban on fires is reinstated. For collateral estoppel to apply, "the issue must be identical" to an issue that was critical to a prior judgment. *Beauchamp v. Anaheim Union High Sch. Dist.*, 816 F.3d 1216, 1225 (9th Cir. 2016). Accordingly, the result in this case will not prevent Chernetsky from challenging some future prohibition on the use of open fires. If the current policy is modified to limit the use of open fires, the issue would not be identical to the issue decided by the district court. As such, we do not exercise the equitable remedy of vacatur, which has as its purpose the avoidance of "an unfair application of collateral estoppel." *In re Burrell*, 415 F.3d 994, 1000 (9th Cir. 2005).

The district court granted summary judgment against Chernetsky on his claim regarding books. On appeal, Chernetsky argues that the regulations were revised before summary judgment, mooting his claim regarding books. However,

he does not provide an explanation of how the regulations were revised so as to moot his claim or why summary judgment was erroneous. We affirm the summary judgment regarding books.

The district court granted summary judgment against Chernetsky on his claims regarding individual possession of herbs and incenses. Chernetsky argues that this claim was moot at the time the district court ruled on it. Chernetsky has not cited any change in regulation that establishes his claims were moot when decided by the district court. We affirm the summary judgment regarding individual possession of herbs and incenses claims.

Each party to bear its own costs.

**AFFIRMED IN PART, VACATED IN PART; REMANDED.**