**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FERNANDO MENENDEZ-GONZALEZ,

Petitioner-Appellant,

v.

KIRSTJEN NIELSEN, Secretary of
Homeland Security, et al.,

Respondents-Appellees.

No.    17-55507

D.C. No. 2:16-cv-03544-FMO-AS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted December 3, 2018
Pasadena, California

Before: TASHIMA and IKUTA, Circuit Judges, and KENNELLY,[**] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Matthew F. Kennelly, United States District Judge for
the Northern District of Illinois, sitting by designation.

1

Fernando Menendez-Gonzalez appeals the district court's dismissal of his petition for a writ of habeas corpus for lack of subject-matter jurisdiction and denial of his motions for leave to file second and third amended petitions. He argues that the district court erred in concluding that 8 U.S.C. §§ 1252(a)(5) and (b)(9) stripped the court of jurisdiction over his petition. He relies on *Singh v. Gonzales*, 499 F.3d 969 (9th Cir. 2007), in which this Court recognized a limited exception to 8 U.S.C. § 1252(b)(9) for habeas petitions challenging conduct that occurred "*after* the issuance of the final order of removal" whose effect is to deny the petitioner "a day in court." *Singh*, 499 F.3d at 979.

Menendez-Gonzalez alleges that the Department of Homeland Security failed to properly serve him with the final order of reinstatement of removal and that DHS cancelled the reinstatement order by releasing him from custody and permitting him to pursue litigation challenging his deportation order. He contends that these actions prevented him from timely filing a petition for review in this Court and that the district court may therefore exercise habeas jurisdiction under *Singh*.

The Court considered and rejected these arguments when it dismissed his petition for review as untimely. *See Menendez-Gonzalez v. Lynch*, No. 16-71515 (9th Cir. Sept. 21, 2016). In that case, this Court dismissed his petition after both

parties extensively briefed these issues. The authorities cited in that memorandum disposition further demonstrate that the Court was not persuaded by Menendez-Gonzalez's arguments. For example, the Court cited 8 U.S.C. § 1252(b)(1) and 8 C.F.R. § 241.8, which prescribe the procedures for reinstating removal orders. The Court also cited *Castro-Cortez v. Holder*, 239 F.3d 1037, 1046 n.10 (9th Cir. 2001), in which the Court made its own findings of fact about whether there was legal cause for the petitioner's untimely filing. Taken together, these citations demonstrate that the earlier panel of this Court rejected Menendez-Gonzalez's arguments that DHS's conduct was the legal cause of his delay in filing the petition for review.

Our earlier decision precludes Menendez-Gonzalez from relitigating these same arguments to support subject-matter jurisdiction over his habeas petition. *See Beauchamp v. Anaheim Union High Sch. Dist.*, 816 F.3d 1216, 1225 (9th Cir. 2016) ("Collateral estoppel, or issue preclusion, bars the relitigation of issues actually adjudicated in previous litigation between the same parties."). And the district court did not err in denying the motions for leave to file amended petitions; it is clear, based on the foregoing analysis, that the proposed amendments would be

futile for lack of subject-matter jurisdiction. *See Carvalho v. Equifax Info. Servs. LLC*, 629 F.3d 876, 893 (9th Cir. 2010).

Finally, because Menendez-Gonzalez's arguments are barred by issue preclusion, we need not reach the underlying question of whether the *Singh* exception would otherwise confer jurisdiction over his habeas petition.

**AFFIRMED.**