NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 8 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| L.C., a minor, by and through his Guardian Ad Litem Ausencia Cruz, | No. 19-55968 |
| Plaintiff-Appellee, | D.C. No. 5:18-cv-01535-SVW-SHK |
| v. | |
| ALTA LOMA SCHOOL DISTRICT, A Local Educational Agency, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| L.C., a minor, by and through his Guardian Ad Litem Ausencia Cruz, | No. 20-55059 |
| Plaintiff-Appellant, | D.C. No. 5:18-cv-01535-SVW-SHK |
| v. | |
| ALTA LOMA SCHOOL DISTRICT, A Local Educational Agency, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted November 20, 2020

---

*This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pasadena, California

Before: LINN,** RAWLINSON, and FORREST,*** Circuit Judges.

In these companion cases, Alta Loma School District (the District) appeals the district court's decision concluding that the District failed to comply with the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.*, and L.C. (Student) appeals the district court's attorney fees award. We have jurisdiction under 28 U.S.C § 1291, and we reverse on the merits and vacate the fees award.

"Congress enacted the IDEA 'to ensure that all children with disabilities have available to them a free and appropriate public education' and 'to ensure that the rights of children with disabilities and parents of such children are protected.'" *C.W. v. Capistrano Unified Sch. Dist.*, 784 F.3d 1237, 1240 (9th Cir. 2015), *as amended* (quoting 20 U.S.C. §§ 1400(d)(1)(A)–(B)). "A school district must comply both procedurally and substantively with the IDEA." *M.M. v. Lafayette Sch. Dist.*, 767 F.3d 842, 852 (9th Cir. 2014), *as amended* (Oct. 1, 2014) (internal quotations and citation omitted). Under 34 C.F.R. § 300.502(b)(1), "[a] parent has the right to an independent educational evaluation at public expense if the parent disagrees with an evaluation obtained by the public agency."[1] When a Parent has the right to an

---

**The Honorable Richard Linn, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

***Formerly known as Danielle J. Hunsaker.

[1]Based on our disposition of this appeal, we need not and do not address whether or to what extent an evaluation was performed in this case.

Independent Educational Evaluation (IEE) at public expense and requests an IEE, the school district must—without unnecessary delay—either file a due process complaint or fund the requested IEE. *Id.*

Here, the district court erred in concluding that the District unnecessarily delayed providing an IEE or filing a due process complaint. The district court reasoned that the District caused unnecessary delay by withholding pertinent cost information "necessary for the parents to defend their position." *See Anchorage Sch. Dist. v. M.P.*, 689 F.3d 1047, 1053 (9th Cir. 2012) (noting we review questions of law, and mixed questions of law and fact, de novo). Yet, as the district court noted, there is no "authority for the proposition that the District was required to identify any particular information for [Student] upon request."[2] Unnecessary delay is a "fact-specific inquiry," *Capistrano Unified Sch. Dist.*, 784 F.3d at 1247, focused on the circumstances surrounding the delay, *see, e.g., J.P. ex rel. E.P. v. Ripon Unified Sch. Dist.*, No. 2:07-CV-02084-MCE-DAD, 2009 WL 1034993, at *7 (E.D. Cal. Apr. 15, 2009).

For example, when parties "continued to discuss provision of an IEE," there was no unnecessary delay in the school district waiting to file for a due process hearing until the parties reached "a final impasse." *Id.* When a school district's delay

---

[2]Further, the record is clear that Student's parents had access to the same information as the District regarding Dr. Stephey's evaluation rates and the relevant cost cap.

is "unexplained," however, that weighs in favor of finding unnecessary delay. *See Pajaro Valley Unified Sch. Dist. v. J.S.*, No. C 06-0380 PVT, 2006 WL 3734289, at *3 (N.D. Cal. Dec. 15, 2006). Finally, a school break that occurs during an IEE request "must also be considered in determining the timeliness of the District's due process request." *Ripon Unified Sch. Dist.*, 2009 WL 1034993 at *7.

In this case, the District exchanged numerous emails and letters with Student's parents from August 10, 2017, until it filed for a due process hearing on December 5, 2017. These communications reflect the parties' attempts to reach agreement on Dr. Stephey's IEE and other issues. Indeed, the parties reached agreement on a contested issue as late as December 1. Further, the longest delay in communications, November 17–30, was largely due to the District's Thanksgiving break. The parties reached final impasse on the IEE issue on Thursday, November 30, and the District filed for a due process hearing the following Tuesday, December 5. Thus, we conclude there was no unnecessary delay.

Whereas we conclude the District did not violate the IDEA and Student is not the prevailing party, *see* 20 U.S.C. § 1415(i)(3)(B)(i)(I); *see also Beauchamp v. Anaheim Union High Sch. Dist.*, 816 F.3d 1216, 1220 (9th Cir. 2016), he is not entitled to attorney fees.

We **REVERSE** the district court's decision on the merits and **VACATE** the

attorney fees award.[3] Each party shall bear its own costs.

_____

[3]The District's motions to take judicial notice are denied as moot.