**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

OCT 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MELISSA GORDON; ROBERT GORDON, Plaintiffs-Appellees, v. LOS ANGELES UNIFIED SCHOOL DISTRICT, Defendant-Appellant. | No. 19-55806 D.C. No. 2:18-cv-00919-CAS-JC MEMORANDUM[*] |
| MELISSA GORDON; ROBERT GORDON, Plaintiffs-Appellants, v. LOS ANGELES UNIFIED SCHOOL DISTRICT, Defendant-Appellee. | No. 19-55874 D.C. No. 2:18-cv-00919-CAS-JC |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted December 9, 2020
Pasadena, California

Before:  BEA, THAPAR,[**] and COLLINS, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Amul R. Thapar, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Both sides appeal the district court's final decision awarding attorney's fees to the prevailing Plaintiffs in this matter arising under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. "An award of attorney fees in an IDEA case is reviewed for an abuse of discretion," although we review the district court's legal analysis de novo and its underlying factual determinations for clear error. *Beauchamp v. Anaheim Union High Sch. Dist.*, 816 F.3d 1216, 1220 (9th Cir. 2016). We affirm.

**I**

Plaintiffs Melissa and Robert Gordon, acting on behalf of their minor son E.G., filed a request for a due process hearing before the California Office of Administrative Hearings in connection with their claim that the Los Angeles Unified School District ("LAUSD") had violated the IDEA by failing to provide E.G. with a free, appropriate public education. After a five-day hearing in September 2017, the Administrative Law Judge ("ALJ") issued a decision two months later that resolved the eight specific issues in dispute. Each side partially prevailed as to five of those issues, while LAUSD fully prevailed as to the remaining three. As to remedies, the ALJ's order concluded that E.G. was "eligible for special education placement and services" and that, under § 612(a)(10)(C)(ii) of the IDEA, *see* 20 U.S.C. § 1412(a)(10)(C)(ii), his parents were entitled to reimbursement of the $42,990 cost of his attendance at a private

school during the 2016–17 school year.  Neither side appealed the ALJ's decision.

Plaintiffs then filed this action under § 615 of the IDEA, alleging that, as the prevailing party at the due process hearing, they were entitled to their attorney's fees both in connection with that hearing and in connection with this suit.  *See* 20 U.S.C. § 1415(i)(3)(B).  After a hearing, the district court awarded Plaintiffs $161,760 in fees in connection with the administrative proceedings and $156,705 in fees arising from this fee-recovery suit, for a total award of $318,465.[1]  LAUSD appeals the award as too high, and Plaintiffs cross-appeal, contending that it is too low.

## II

The district court did not abuse its discretion in fixing the reasonable hourly rates for Plaintiffs' counsel, Henry Tovmassian and George Crook, as $600 and $650, respectively.

An award of "reasonable attorneys' fees" under the IDEA must "be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished."  20 U.S.C. § 1415(i)(3)(B)(i), (C).  "The fee applicant has an initial burden of production to produce satisfactory evidence that the fee requested is reasonable."  *Beauchamp*, 816 F.3d at 1224 (simplified).  In describing what types of evidence will satisfy this initial burden, we have held

---

[1] The order incorrectly transposes the last two digits in the sum as "$318,456.00."

3

that "'[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are *satisfactory* evidence of the prevailing market rate.'" *Id*. (emphasis added); *see also Sam K. v. Hawaii Dep't of Educ.*, 788 F.3d 1033, 1041 (9th Cir. 2015) (stating that, in making fee awards under the IDEA, district courts may "consider the fees awarded by [other judges] in the same locality for similar cases" and "may also use their 'own knowledge of customary rates and their experience concerning reasonable and proper fees'" (citation omitted)).

Accordingly, to the extent that LAUSD asks us to establish a bright-line rule that only certain types of evidence are sufficient to carry an IDEA claimant's initial burden on an attorneys' fees motion—such as evidence of actual hourly rates paid to the particular attorneys in question by clients or in connection with settlements—our precedent does not support that view. To be sure, direct evidence of actual rates paid by clients to the IDEA plaintiffs' attorneys might be more persuasive to a district court, and a lesser showing might be more readily subject to rebuttal by a school district, but our precedent allows IDEA plaintiffs to rely on a range of different types of evidence to carry their burden to establish an hourly rate. Here, the declarations presented by Plaintiffs in support of their fee request

contain the sorts of evidence described in *Beauchamp* and *Sam K.*, and they were sufficient to carry Plaintiffs' initial burden.

We further conclude that the district court did not abuse its discretion in weighing the competing evidence presented by both sides and setting reasonable hourly rates for Tovmassian and Crook. Notably, as to Tovmassian, Plaintiffs presented the sort of actual hourly rate evidence that LAUSD thinks should be required, *viz.*, evidence that, as part of a settlement in 2019, LAUSD paid Tovmassian "at the hourly rate of $650" for 86% of his invoice in that case and that the client paid the remainder "at the same hourly rate of $650." Moreover, the district court pointed to awards in four other cases involving both Tovmassian and Crook, and in each of those cases, Crook was awarded a *higher* hourly rate than Tovmassian in light of Crook's additional years of experience as an attorney. Viewing this evidence in light of the record as a whole, we cannot say that the district court abused its discretion in determining that $600 per hour was a reasonable rate for Tovmassian and that $650 was reasonable for Crook.

Moreover, the district court acted within its discretion in discounting the competing evidence presented by LAUSD. As an initial matter, the court properly concluded that evidence of the relevant rates paid by school districts to their own IDEA counsel were not particularly persuasive as to what the prevailing rate would be in the community for services provided to private individuals. *Cf. Trevino v.*

5

*Gates*, 99 F.3d 911, 925 (9th Cir. 1996) ("[P]rivate attorneys often charge lower rates to the government because of counterbalancing benefits such as repeat business, and where the facts show this, the fee charged by a government attorney is simply irrelevant to the establishment of a reasonable hourly rate for a plaintiff's civil rights lawyer." (simplified)).

The district court was not persuaded by LAUSD's evidence concerning the hourly rates the district had paid to IDEA counsel in settlements, and that conclusion was reasonable. LAUSD has clarified that the rates involved were current as of 2017, and the district court noted that some of the IDEA counsel included in LAUSD's chart of settlement rates stated that they had submitted invoices to LAUSD with higher rates in subsequent years. Indeed, one of the cited attorneys had settled a case with LAUSD in 2019 using a billing rate of $725 an hour. Although the administrative work at issue here occurred in 2017, the district court had the discretion to use rates that are closer to the attorneys' current hourly rates. *See Missouri v. Jenkins*, 491 U.S. 274, 284 (1989) (holding that, in awarding fees, a court may make "an appropriate adjustment for delay in payment—whether by the application of current rather than historic hourly rates or otherwise"). The district court also was not required to reduce the requested hourly rate so that it would be closer to the average of all counsel shown in LAUSD's survey. *See Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984) (stating that courts should consider

6

the rates of lawyers "of reasonably comparable skill, experience, and reputation");

*Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997) (noting that the relevant question is what is "the prevailing rate for *similarly qualified*" attorneys).

We recognize that LAUSD made a substantial showing in support of its argument that the district court should have determined that lower hourly rates were more appropriate, but we cannot say that the court abused its discretion in weighing the competing evidence as it did.

**III**

The district court nonetheless reduced the fees awarded for the administrative proceedings by 20% in order to take into account the mixed result that Plaintiffs achieved at that hearing. On appeal, LAUSD does not challenge the amount of that percentage reduction or the underlying number of hours on which the award was based, but Plaintiffs contest that reduction in their cross-appeal. We find no abuse of discretion.

We have held that a court "may, in its discretion, make deductions" in an attorneys' fee award "based on the 'limited success'" that the plaintiffs achieved in the case. *Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436–37 (1983)). Here, Plaintiffs raised multiple inter-related issues, but they achieved only partial success on a subset of those issues, lost entirely on others, and obtained limited relief. On this record, the district court

7

could reasonably conclude that "'the significance of the overall relief obtained'" by Plaintiffs, when considered "'in relation to the hours reasonably expended on the litigation,'" was sufficiently limited to warrant a modest fee reduction. *Id.* (quoting *Hensley*, 461 U.S. at 435); *see also Schwarz v. Secretary of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995).

**IV**

LAUSD also appeals the district court's award of attorneys' fees for the work performed seeking fees in this civil action. *See In re Nucorp Energy, Inc.*, 764 F.2d 655, 659–60 (9th Cir. 1985) ("In statutory fee cases, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable."). We find no basis to set aside the award.

We reject LAUSD's contention that Plaintiffs were not the prevailing party in this civil action for attorneys' fees. Although LAUSD never contested that Plaintiffs were entitled to an appropriate fee award for the *administrative* proceedings, the amount of such fees was sharply contested in this protracted satellite litigation. Although Plaintiffs did not obtain all of the fees that they had sought for the administrative proceedings, the district court did not err in concluding that Plaintiffs were the "prevailing party" in this action and were eligible for a further award of fees in connection with their efforts in this fee

litigation.  *See Hensley*, 461 U.S. at 433.

Nor did the district court abuse its discretion in calculating the fees-on-fees award.  Contrary to what LAUSD contends, the court was not required to make a proportionate reduction in the fees for this civil litigation merely because the underlying fee award for the administrative proceedings was reduced by 20%.  Although a comparable proportionate reduction may be warranted in some cases, *see Thompson v. Gomez*, 45 F.3d 1365, 1368 (9th Cir. 1995), we cannot say that it was an abuse of discretion not to do so here.  The district court took a careful and considered approach to the fees-on-fees issue, reviewing the time records submitted and making specific adjustments, which the court adequately explained.  Although the resulting award was quite large, and gave the district court considerable pause, the court elected not to make any further reduction in light of what it considered to be LAUSD's role in unnecessarily protracting the underlying dispute over fees for the administrative proceedings.  These were appropriate considerations, and even if we might have weighed the factors differently, we do not believe that the district court's determination was an abuse of discretion.

**AFFIRMED.**