NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 15 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BEATRIZ MALDONADO; EFRAIN F.
MALDONADO, Parents,

No.    22-16572

          Plaintiffs-Appellants,

D.C. No. 5:21-cv-06611-VKD

     v.

MEMORANDUM*

MORGAN HILL UNIFIED SCHOOL
DISTRICT,

          Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of California
Virginia K. DeMarchi, Magistrate Judge, Presiding

Submitted November 13, 2023**
San Jose, California

Before:  GRABER, PAEZ, and FRIEDLAND, Circuit Judges.

     Plaintiffs Beatriz and Efrain Maldonado appeal a partial denial of their

motion for attorney's fees under the Individuals with Disabilities Education Act

("IDEA"), 20 U.S.C. § 1415(i)(3)(B).  Plaintiffs argue that the district court

---

          *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

          **     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

unreasonably reduced the fees and costs requested for work on two related administrative disputes in which they sought accommodations and services for their child, who has a learning disability. We have jurisdiction under 28 U.S.C. § 1291. We review the award of attorney's fees for abuse of discretion, underlying factual determinations for clear error, and legal analysis relevant to the fee determination de novo. *Beauchamp v. Anaheim Union High Sch. Dist.*, 816 F.3d 1216, 1220 (9th Cir. 2016). We affirm.

The district court's reduction of the number of hours for which fees would be awarded, although substantial, was thoroughly explained and proper under our caselaw. *See Aguirre v. L.A. Unified Sch. Dist.*, 461 F.3d 1114, 1121 (9th Cir. 2006) (noting that fees awarded under the IDEA are "governed by the standards set forth by the Supreme Court in *Hensley* and its progeny" (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983))). The district court acted within its discretion to consider the reliability of the billing records, remove time spent on unnecessary tasks, and reduce the total remaining hours based on the "degree of success." *See Hensley*, 461 U.S. at 433–37 (noting that a district court may exclude hours that are inadequately documented or "excessive, redundant, or otherwise unnecessary," and that it may reduce hours "to account for . . . limited success"); *Thompson v. Gomez*, 45 F.3d 1365, 1367–68 (9th Cir. 1995) (holding district courts may reduce a "fees-on-fees" award to reflect the percentage of "merits fees" recovered). And

although the district court was "mathematical" in its analysis of the degree of success, it did not use the approach, disapproved by *Hensley*, of simply comparing the number of successful and unsuccessful issues. *See* 461 U.S. at 435 n.11. If it had, it would have reduced the fee much more—Plaintiffs do not dispute that they were unsuccessful on thirty-eight out of forty sub-issues.

Contrary to Plaintiffs' contentions on appeal, the district court did not rely on the wrong billing records or overlook filings. Rather, the district court concluded that it would be unfair to rely on the filings made belatedly with and after Plaintiffs' reply brief, and the court explained why it was not persuaded by Plaintiffs' justifications for the discrepancies between the billing records. Nor was the district court obligated to award 100% of the requested fee just because it found the relief obtained "significant" or because of the absence of a specific type of rebuttal evidence. *See id.* at 440 ("A reduced fee award is appropriate if the relief, *however significant*, is limited in comparison to the scope of the litigation as a whole." (emphasis added)); *Beauchamp*, 816 F.3d at 1224–25 (noting that the fee applicant's burden to produce "satisfactory evidence" of reasonableness is "not excused by lack of opposition" (citation omitted)).

The district court also did not abuse its discretion in lowering the hourly rate requested by Plaintiffs by a relatively small amount. The district court properly considered "fees awarded by other judges in the same locality in similar cases,"

3

*Shayler v. 1310 PCH, LLC*, 51 F.4th 1015, 1022–23 (9th Cir. 2022) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1115 (9th Cir. 2008)), and it was not required to adopt other attorneys' conclusions that a higher rate was reasonable, *Sam K. ex rel. Diane C. v. Haw. Dep't of Educ.*, 788 F.3d 1033, 1041 (9th Cir. 2015) ("That other attorneys may think that a given rate is 'reasonable' does not necessarily say what the prevailing market rates actually are."). The district court carefully explained why each submitted declaration was not determinative, "how it came up" with the prevailing market rate, and why counsel was not entitled to an increased rate for the time spent on the fees motion. *Moreno*, 534 F.3d at 1111.

Regarding costs, the district court also permissibly awarded only the filing fee given counsel's failure to provide the documentation required by statute and the local rules for the other requested costs. *See* 28 U.S.C. § 1924; N.D. Cal. Civ. R. 54-1.

**AFFIRMED.**

4