[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10676
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-20872-JAL

JESUS LAZARO COLLAR,
and all others similarly situated under 29 U.S.C. § 216(b),

Plaintiff-Appellant,

versus

ABALUX, INC.,
JUAN D. CABRAL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 17, 2018)

Before WILLIAM PRYOR, HULL, and JULIE CARNES, Circuit Judges.

WILLIAM PRYOR, Circuit Judge:

Jesus Collar appeals the summary judgment in favor of his former employer, Abalux, Inc., and its owner, Juan Cabral, and against Collar's complaint for unpaid overtime compensation under the Fair Labor Standards Act. *See* 29 U.S.C. § 207(a). The district court ruled that Collar's employment in 2015 was not covered under the Act because Abalux had less than $500,000 in annual gross sales. *See id.* § 203(s)(1)(A)(ii). Collar challenges that ruling, the denial of his motion to expand discovery, and the striking of his notice accepting an offer of judgment four days after the district court entered its final judgment. We affirm.

## I. BACKGROUND

Abalux, a small printing company in Hialeah, Florida, creates and installs signs, banners, and vehicle wraps and sells sign-making materials to other businesses. Abalux employed Collar between August 2013 and January 2016 to make and install signs. During 2015, Collar worked more than 40 hours during several weeks for which he was not paid overtime wages.

Collar sued Abalux and its owner, Cabral, for unpaid overtime compensation, and Abalux defended on the ground that Collar's employment was not covered under the Act. During discovery, Abalux produced its tax returns, bookkeeping registers, and other business records. The tax returns reported that Abalux had gross sales of $487,007 in 2014, $489,019 in 2015, and $445,727 in 2016. On its bookkeeping registers, Abalux recorded gross receipts, which include

2

sales tax, permit-fee reimbursements, and other sums not attributable to sales, of $493,817.46 in 2014, $505,973.33 in 2015, and $457,367.44 in 2016. A declaration by Michelle Marcos, the office administrator for Abalux, established that the company used a cash basis of accounting and operated on a calendar year. Marcos also declared that, in 2015, Abalux had reported to the State of Florida that it collected $10,467.96 in state sales tax, $6,255.88 of which was attributable to its retail sales.

The parties reached an impasse about expanding discovery and filed a joint motion for a hearing, which a magistrate judge granted. After the hearing, the magistrate judge limited additional discovery to the calendar year 2015 and instructed Abalux to produce a list of its sales and copies of its invoices for orders placed in 2015 for which it received payment in 2016 and to produce copies of bank records and business records showing how much money it received in 2016 for sales it made in 2015. Collar moved the district court to grant him additional discovery, but the district court denied his motion.

Collar moved for partial summary judgment for overtime wages for 2015, and Abalux moved for summary judgment. On January 17, 2018, Abalux served Collar with an offer of judgment, but on January 22, 2018, the district court denied Collar's motion for partial summary judgment and entered summary judgment in favor of Abalux. That same day, the district court also entered final judgment in

favor of Abalux and Cabral. Four days later, on January 26, 2018, Collar filed a notice accepting the offer of judgment, which Abalux opposed. The district court struck Collar's notice. Collar moved for postjudgment relief, and the district court denied his motion.

## II. STANDARDS OF REVIEW

Two standards of review govern this appeal. We review a summary judgment *de novo* and view the evidence in the light most favorable to the non-moving party. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1314 (11th Cir. 2011). We review the denial of a motion to expand discovery for abuse of discretion. *Id.* at 1306. "A district court has sound discretion whether to alter or amend a judgment pursuant to a motion for reconsideration, and its decision will only be reversed if it abused that discretion." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009).

## III. DISCUSSION

Collar challenges the judgment against him on three grounds. First, he argues that his employment was covered by the Act because Abalux had more than $500,000 in annual gross sales in 2015. Second, Collar argues that he was entitled to additional discovery. Third, Collar argues that the district court should have entered judgment against Abalux after he accepted its offer of judgment. We address each of these arguments in turn.

4

*A. The District Court Did Not Err by Entering Summary Judgment in Favor of Abalux.*

The Fair Labor Standards Act provides that an employee who is engaged in interstate commerce must be paid a wage of time and a half his regular rate for each hour that he works in excess of forty hours per week. 29 U.S.C. § 207(a)(1). To obtain overtime compensation, an employee must prove that he is covered by the Act. *Josendis*, 662 F.3d at 1298. The Act provides two types of coverage: individual and enterprise. *Id.* at 1298–99. Collar relies on enterprise coverage, which requires proof that Abalux has employees who, among other things, are "engaged in commerce" as well as proof that Abalux "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)." 29 U.S.C. § 203(s)(1)(A); *see also* 29 C.F.R. § 779.259(a).

Annual gross sales "consist[] of [the] gross receipts from all types of sales made and business done during a 12-month period." 29 C.F.R. § 779.259(a). To determine the amount of annual gross sales, the employer is required to use the same annual accounting method, based on either a calendar year or a fiscal year. "Once either basis has been adopted[,] it must be used in making subsequent calculations" under the Act. *Id.* § 779.266(b).

The district court did not err by entering summary judgment in favor of Abalux and against Collar's complaint for unpaid overtime wages in 2015. Collar's

employment was not covered by the Act because Abalux had annual gross sales of less than $500,000. *See* 29 U.S.C. § 203(s)(1)(A)(ii); 29 C.F.R. § 779.259(a). Abalux had gross receipts in 2015 of $505,973.33, which when reduced by its retail sales tax of $6,255.88, resulted in annual gross sales of, at most, $499,717.45. Collar contends that Abalux impermissibly excluded reimbursements for expenses such as municipal permit fees, but the district court determined that, "even if [the reimbursements] [were] included, Abalux is still under the $500,000 threshold for enterprise coverage." Collar also contends that Abalux should have included as income $407.21 "attribute[d] . . . to workers compensation," but we decline to consider an argument that Collar failed to raise in opposing summary judgment. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

Collar argues that the annual gross sales should be increased by payments that Abalux received in 2016 for sales it made in 2015, but we reject this argument for the same reason the district court rejected it. Abalux used the cash basis of accounting, which records payments on the date the money is received instead of on the day the sale is made. *See Healy v. Comm'r*, 345 U.S. 278, 281 (1953) ("For a cash basis taxpayer, . . . the correct year [to account for income] is the year in which [the amount is] received."). And because Abalux operated on a calendar year, its bookkeeping records and tax returns reported payments received between

6

January 1 and December 31. Consistent with its accounting method, Abalux recorded payments received in 2016 as income for that year even though some sales occurred in 2015.

Collar also argues that we must use the accrual basis of accounting to measure the annual gross sales for Abalux, but we disagree. The regulation governing the methods of computing annual sales states that "[t]he sales records maintained as a result of the accounting procedures used for tax or other business purposes may be utilized in computing the annual dollar volume provided the same accounting procedure is used consistently and that such procedure accurately reflects the annual volume of sales or business." 29 C.F.R. § 779.266(b). As the district court ruled, "The undisputed facts establish that since 2012, Abalux has consistently used a cash basis method as its accounting method for annual gross receipts." Under regulation 779.266(b), Abalux was entitled to use the cash method to calculate its annual gross sales for 2015.

*B. The District Court Did Not Abuse Its Discretion by Denying Collar's Motion to Expand Discovery.*

The district court did not abuse its broad discretion when it affirmed the magistrate judge's discovery order and refused to expand discovery. Collar obtained from Abalux copies of its tax returns and monthly state tax reports for 2012 through 2016, its monthly bank deposit statements and bookkeeping records for 2014 through 2016, invoices that identified the amount of sales tax and

7

reimbursements for municipal permit fees, six declarations prepared by its office administrator, and two declarations prepared by its owner. In addition, Collar deposed the owner of Abalux, its accountant, and its office administrator. We will not disturb a ruling regarding the scope of discovery "unless it is shown that [it] resulted in substantial harm to the appellant's case." *Josendis*, 662 F.3d at 1307 (quoting *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1286 (11th Cir. 2003)). Collar argues that he was "deprived . . . [of] discovery needed to gather and evaluate evidence for the years 2014, 2015[,] and 2016," but he fails to explain how the denial of that discovery harmed him. We cannot say that the district court abused its discretion when it, among other things, refused to allow Collar to depose Abalux customers or to require Abalux to produce more information about the classification of its sales as retail or wholesale and about the payments received in 2016 for sales it made in 2015.

*C. The District Court Committed No Error When It Struck Collar's Notice of Acceptance After a Final Judgment Had Already Been Entered.*

Collar contends that the district court erred when it struck his notice accepting the offer of judgment from Abalux. The district court reasoned that "a Rule 68 offer of judgment does not remain open and subject to acceptance . . . after summary judgment has been granted in favor of the defendant." We agree with the district court.

The Federal Rules of Civil Procedure contemplate the entry of *one* final

8

judgment to resolve a controversy. Federal Rule of Civil Procedure 54 provides for the "entry of *a* judgment" even "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved." Fed. R. Civ. P. 54(b) (emphasis added). And Rule 54 defines a judgment to include "any order from which an appeal lies." Fed. R. Civ. P. 54(a). Ordinarily, a final judgment resolves conclusively the substance of all claims, rights, and liabilities of all parties to an action, *see* Fed. R. Civ. P. 54(b); it "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment," *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 86 (2000) (citation and internal quotation marks omitted).

In contrast, Rule 68(a) provides a method of pretrial dispute resolution where no judgment has yet been entered. The rule allows a defendant, "[a]t least 14 days before the date set for trial, . . . [to] serve on [the plaintiff] an offer to allow judgment," and if that offer is timely accepted by the plaintiff, "[t]he clerk must then enter judgment." Fed. R. Civ. P. 68(a). By its terms, Rule 68(a) applies only "in advance of trial," *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981), and only when "a party [is still] defending against a claim," Fed. R. Civ. P. 68(a). Afterward, the clerk of court performs the ministerial act of entering a judgment that the defendant by "offer . . . [has] allow[ed] . . . to be taken against [him]," *Marek v. Chesny*, 473 U.S. 1, 6 (1985) (emphasis omitted).

Rule 68 says nothing about the clerk entering a new and different judgment after the district court has entered a final judgment. Because Rule 68(a) provides a pretrial process for settling a case, it contemplates that no final judgment has yet been entered either following a trial or where a trial has been determined to be unnecessary. Rule 68 provides no instruction to the clerk about what act to perform when a final judgment has already been entered. The rule does not direct the clerk to vacate or amend an earlier final judgment. Nor does the rule suggest that an acceptance of an offer can supersede or otherwise vitiate an extant final judgment.

Collar urges us to follow the reasoning of our sister circuit in *Perkins v. U S West Communications*, which held that "the plain language of Rule 68 mandates that an offer of judgment remain[s] valid and open for acceptance for the full . . . period outlined in the Rule despite an intervening grant of summary judgment by the district court." 138 F.3d 336, 339 (8th Cir. 1998). In *Perkins*, the district court entered summary judgment in favor of the employer, and the next day, the employee sent by facsimile a notice accepting an offer of judgment that he received while the employer's motion for summary judgment was pending. *Id.* at 337. Later, the district court granted the employee's motion to amend the earlier judgment in favor of the employer and entered judgment in favor of the employee. *Id.* at 338. The Eighth Circuit affirmed and followed, as persuasive authorities, two state court decisions about similar rules. *Id.* at 339 (following *Hernandez v. United*

*Supermarkets of Okla., Inc.*, 882 P.2d 84 (Okla. Ct. App. 1994), and *Centric-Jones Co. v. Hufnagel*, 848 P.2d 942 (Colo. 1993) (en banc)). It reasoned that "Rule 68 leaves no discretion in the district court to do anything other than enter judgment once an offer of judgment has been accepted." *Id.* at 338.

*Perkins* is unpersuasive. Rule 68(a) requires the *clerk*, as a ministerial act, to enter a judgment that a defendant has "offer[ed] to allow" while "defending against a claim." Fed. R. Civ. P. 68(a). A defendant is no longer "defending against a claim" after a district court enters a final judgment in its favor. Like the commencement of trial, the entry of a final judgment ends the operation of Rule 68(a). We agree with the federal courts that have rejected the reasoning of *Perkins*. *See, e.g.*, *Day v. Krystal Co.*, 241 F.R.D. 474, 477 (E.D. Tenn. 2007) (disagreeing with *Perkins* based on "the plain language of Rule 68"); *Smith v. Se. Pa. Transp. Auth.*, 258 F.R.D. 300, 302 (E.D. Pa. 2009) (agreeing with *Day*).

The district court correctly struck Collar's notice of acceptance. When the district court entered a final judgment in its favor, Abalux was no longer "defending against a claim" by Collar for unpaid overtime compensation. Fed. R. Civ. P. 68(a). Collar's opportunity to accept the offer of judgment terminated when the district court entered a final judgment in favor of Abalux and Cabral. The final judgment resolved the substance of all claims, rights, and liabilities of the parties to the action, "end[ed] the litigation on the merits[,] and le[ft] nothing more for the

11

court to do but execute the judgment." *Green Tree*, 531 U.S. at 86 (citation and internal quotation marks omitted). And Collar acknowledged the conclusive nature of that final judgment when he moved for postjudgment relief under either Rule 59(e) or Rule 60(b). Collar's notice accepting the offer of judgment was of no effect because the merits of his complaint had already been adjudicated four days earlier.

## IV. CONCLUSION

We **AFFIRM** the final judgment in favor of Abalux and Cabral.