[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13798
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cv-21127-FAM

JESUS GONZALEZ,
an individual,

Plaintiff - Appellant,

versus

CHINATOWN HOTEL CORPORATION,
a foreign corporation,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 14, 2020)

Before WILSON, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Jesus Gonzalez appeals from the district court's entry of an order of final

judgment, arguing that the district court's order imposes different terms than those

defendant Chinatown Hotel Corporation ("Chinatown") offered under Fed. R. Civ. P. 68, and to which he agreed. After thorough review, we affirm in part and vacate and remand in part, with instructions to enter a final order consistent with Chinatown's offer of judgment.

The relevant background is this. Gonzalez sued Chinatown, which operates a hotel in Chicago, for violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and its implementing regulations, specifically 28 C.F.R. § 36.302(e)(1), by failing to maintain a website with adequate information about the hotel's accessibility to persons with disabilities. Chinatown's counsel entered into settlement negotiations with Gonzalez, which culminated in its making an offer of judgment under Fed. R. Civ. P. 68 on June 17, 2019. That rule permits a defendant to make a non-revocable, non-negotiable offer for judgment against it to a plaintiff that the plaintiff can either accept or reject; if the plaintiff rejects the offer but ultimately obtains a judgment less favorable than the terms of the offer, he must pay any costs incurred by the defendant after the offer was made. See Fed. R. Civ. P. 68; see also Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc., 298 F.3d 1238, 1240–41, 1244 (11th Cir. 2002) (explaining the mechanics of Rule 68).

Here, Chinatown made in writing an offer that would allow a judgment to be entered against it for six specified forms of relief: (1) a declaration that it maintains its website in violation of the ADA; (2) an order requiring it, "by a date certain," to

2

bring its website into compliance; (3) an order prohibiting it from accepting reservations on a website not in compliance with the ADA; (4) an award to plaintiff of reasonable attorney's fees, costs and litigation expenses; (5) an award of compensatory damages deemed just and appropriate to the plaintiff, and (6) such other and further relief as the court deems just and equitable. Gonzalez immediately accepted the offer of judgment in writing, and the parties submitted the agreement to the district court.

The district court entered an order administratively closing the case pending submission of a joint final judgment and retaining jurisdiction for six months to enforce the terms of the judgment. At that point, the parties' negotiations broke down. The parties could not agree on the text of a joint final judgment and each filed separate proposed final orders. The district court ultimately entered its own. Its order: (1) did not declare that Chinatown was in violation of the ADA, specifying that the order would not constitute evidence against or an admission by Chinatown "with respect to any issue"; (2) ordered Chinatown to bring its website into compliance "within a reasonable period of time"; (3) prohibited the defendant from accepting reservations through a website that does not comply with the ADA; and (4) deemed Gonzalez the prevailing party for purposes of attorney's fees, litigation expenses, and costs. The order did not award compensatory damages to the plaintiff.

3

Gonzalez appealed, challenging the district court's order as inconsistent with the offer to which he agreed in three ways: (1) it provided that it did not constitute evidence of Chinatown's violation of the ADA, rather than declaring the website in violation; (2) it required compliance in a "reasonable time" rather than a date certain; and (3) it failed to award Gonzalez compensatory damages.  This timely appeal followed, and we have jurisdiction.  See Reynolds v. Roberts, 202 F.3d 1303, 1312 (11th Cir. 2000) (noting that parties have standing to challenge judgments to which they consented where "the judgement [sic] allegedly deviates from the terms of the parties' agreement.") (citing 5 Am. Jur. 2d Appellate Review § 619 (1995)).

Typically, when a Rule 68 offer is accepted, the district court is left with nothing to do but enter the agreed-to judgment.  See Fed. R. Civ. P. 68(a) ("If . . . the opposing party serves written notice accepting the offer . . . [t]he clerk must then enter judgment."); see also Collar v. Abalux, Inc., 895 F.3d 1278, 1284 (11th Cir. 2018) ("Rule 68(a) requires the clerk, as a ministerial act, to enter judgment . . . ."); Jordan v. Time, Inc., 111 F.3d 102, 105 (11th Cir. 1997) ("[T]he mandatory language of . . . [R]ule [68] leaves no room for district court discretion."); Webb v. James, 147 F.3d 617, 621 (7th Cir. 1998) (describing the court's role after acceptance of a Rule 68 offer as "ministerial rather than discretionary").[1]  We review the district court's

---

[1] In this case, the district court's final order diverged somewhat from the Rule 68 offer of judgment that was accepted by the plaintiff.  To the extent our Court has suggested that district courts may have an inherent power to review Rule 68 judgments involving injunctive relief, see

order de novo, as we do anytime a district court interprets a settlement agreement. See Reynolds, 202 F.3d at 1313 ("What a contract provision means, or whether it is ambiguous, are questions of law, which we review de novo.").

Where, as here, a court is required to interpret the terms of the Rule 68 offer, we apply traditional principles of contract law. See Johnson v. Univ. Coll. of Univ. of Ala., 706 F.2d 1205, 1209 (11th Cir. 1983). "When the parties have adopted a writing as a final expression of their agreement, interpretation is directed to the meaning of that writing in the light of the circumstances." Restatement (2d) of Contracts, § 202 cmt. b (Am. Law Inst. 1981). Any ambiguity in the language of a Rule 68 offer is construed against the offeror. Util. Automation 2000, 298 F.3d at 1244. While an offer "cannot be accepted . . . unless the terms of the contract are reasonably certain," "[t]he terms of a contract are reasonably certain if they provide a basis for determining the existence of a breach and for giving an appropriate remedy." Restatement (2d) of Contracts, § 33(1)–(2) (Am. Law Inst. 1981).

---

Util. Automation 2000, 298 F.3d at 1251 (Marcus, J., concurring) ("[T]he presence of injunctive relief in a Rule 68 offer renders it the functional equivalent of a proposed consent decree by requiring a court to review the terms of the offer."), we have not explored the extent of the district court's discretion under Rule 68 in binding precedent. Because defendant-appellee Chinatown has not filed a brief in this appeal, "we are without the benefit of argument to support the district court's position," Landsdale v. Air Line Pilots Ass'n Int'l, 430 F.2d 1341, 1342 (5th Cir. 1970), and it has abandoned any argument concerning the district court's discretion in reviewing Rule 68 judgments. Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) ("[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed."). Consequently, we do not consider whether and to what extent the court had discretion to deviate from the Rule 68 offer in this case.

As we see it, the final order entered by the district court accurately incorporated most of the terms of Chinatown's Rule 68 offer, including that the order prohibited the defendant from accepting reservations through a website that does not comply with the ADA and that it deemed Gonzalez the prevailing party for purposes of attorney's fees, litigation expenses, and costs.  As for Gonzalez's challenge to the order's requirement that Chinatown bring its website into compliance within a "reasonable time," while the offer contemplated an unspecified "date certain," we are unpersuaded.  It is an elementary principle of contract law that "when a contract does not expressly fix the time for performance of its terms, the law will imply a reasonable time."  Denson v. Stack, 997 F.2d 1356, 1361 (11th Cir. 1993) (discussing Florida contract law).  In Chinatown's offer, it agreed to fix its website "by a date certain," but the offer did not specify a certain date.  The parties were apparently unable to agree to one between themselves -- in their separate proposed judgments, Gonzalez proposed "[b]y the date on which this Order is entered," while Chinatown proposed "a reasonable period of time."  Thus, the district court was presented with a contract that did not specify a time for performance, and it correctly applied the general law of contracts to impose a reasonable time.

However, the district court's final order differed from Chinatown's offer of judgment in two meaningful ways, which the district court did not explain.  First, Chinatown's Rule 68 offer unambiguously conceded its violation of the ADA,

6

providing that "Defendant offers to allow judgment to be taken against it, and in favor of the Plaintiff for . . . [a] declaration that Defendant's website . . . is owned, leased, operated, and/or controlled by Defendant in violation of the ADA." (emphasis added).  The final order entered by the district court did not include this declaration and, instead, declared that "Plaintiff has accepted Defendant's offer of judgment . . . without this Final Judgment constituting any evidence against or an admission by Defendant with respect to any such issue."  Thus, the district court's order directly conflicted with the Rule 68 agreement in this regard, and it offered no explanation for this difference.

Similarly, Chinatown's offer included "[a]n award of compensatory damages deemed just and appropriate to Plaintiff."  The court's final offer made no mention of compensatory damages.  But the failure of the offer to specify the precise amount of damages was not fatal to the formation of a contract, because it provided that the amount would be that which "deemed just and appropriate."  See Restatement (2d) of Contracts, § 33(2) (Am. Law Inst. 1981). The contract thus expressly contemplated that the court deem an amount of compensatory damages "just and appropriate" if the parties could not agree on an amount.  The parties could not agree on an amount, and the district court, rather than resolving the issue, simply dropped it.  While it is possible that the just and appropriate amount of damages in this case is $0 (a possibility not outside the scope of the parties' agreement, on its face), we

cannot assume that the district court was merely acting to enforce the offer agreed to by declining to award Gonzalez compensatory damages absent a factual finding that no damages were just and appropriate.

In short, we affirm the order in all respects except vacate and remand in part for the district court to declare that the defendant's website presently violates the ADA and to enter an order awarding a just and appropriate amount of compensatory damages to Jesus Gonzalez, or to find that none are appropriate.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

8