**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

ROBERT EDWARD KUBIAK,
            *Plaintiff-Appellee*,

v.

COUNTY OF RAVALLI; STEPHEN
HOLTON; DARYL PETZ,
            *Defendants-Appellants.*

No. 21-35542

D.C. No.
9:20-cv-00036-
DWM

OPINION

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted March 18, 2022
Las Vegas, Nevada

Filed May 3, 2022

Before:  Andrew J. Kleinfeld, D. Michael Fisher,[*] and
Mark J. Bennett, Circuit Judges.

Opinion by Judge Fisher

---

[*] The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

# SUMMARY**

## Civil Rights/Civil Procedure

The panel affirmed the district court's judgment in favor of plaintiff, entered in accordance with defendants' Federal Rule of Civil Procedure 68 offer of judgment, in an action brought pursuant to 42 U.S.C. § 1983 challenging plaintiff's arrest and detention.

After plaintiff brought his civil rights suit against the County of Ravalli and others, the County filed a motion for summary judgment on all claims. Several weeks later, while its motion was still pending, the County made plaintiff a Rule 68 offer of judgment for $50,000 plus costs and attorney's fees. Before Rule 68's fourteen-day window had closed, the district court—which did not know the County had made the offer—granted the summary judgment motion. But the court did not enter final judgment. Rather, it said that judgment would be entered "in due course" after it issued a reasoned opinion. Within an hour of the entry of this order, plaintiff accepted the County's offer of judgment. The district court held that, under Rule 68, it was bound by the offer of judgment and entered judgment for plaintiff in the amount of $50,000 plus costs and fees.

The panel held that under the plain text of Rule 68, the district court properly entered judgment according to the County's offer of judgment. The panel's review of the rule showed that it was designed to function in a mechanical manner. A Rule 68 offer, once made, is non-negotiable; it is

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

either accepted, in which case it is automatically entered by the clerk of court, or rejected, in which case it stands as the marker by which the plaintiff's results are ultimately measured. Nor does the text of the rule admit of exceptions to the fourteen-day period during which an offer of judgment remains open.

## COUNSEL

Maureen H. Lennon (argued) and Mitchell A. Young, MACo Defense Services, Helena, Montana, for Defendants-Appellants.

Shandor S. Badaruddin (argued), Shandor S. Badaruddin PC, Missoula, Montana, for Plaintiff-Appellee.

## OPINION

D.M. FISHER, Circuit Judge:

Under Federal Rule of Civil Procedure 68, a defendant may make an offer of judgment to a plaintiff. An offer of judgment is essentially a settlement offer, but by virtue of the rule, it has unique features: the plaintiff may accept it at any time within fourteen days after receiving it, and if he does, the district court must enter judgment accordingly.

Robert Kubiak brought a civil rights suit against the County of Ravalli, the Ravalli County Sheriff's Office, and others. The County filed a motion for summary judgment on all claims. Several weeks later, while its motion was still pending, the County made Kubiak a Rule 68 offer of judgment for $50,000 plus costs and attorney's fees. Before

Rule 68's fourteen-day window had closed, the District Court—which did not know the County had made the offer—granted the summary judgment motion. But the Court did not enter final judgment. Rather, it said that judgment would be entered "in due course" after it issued a reasoned opinion. Within an hour of the entry of this order, Kubiak accepted the County's offer of judgment. The District Court held that, under Rule 68, it was bound by the offer of judgment. Judgment was thus entered for Kubiak in the amount of $50,000 plus costs and fees. The County appeals. We affirm.

I.

The genesis of this case was a Temporary Order of Protection entered against Robert Kubiak. A sheriff's deputy concluded that Kubiak violated the terms of the Order when he served a motion, by mail, on the woman who had sought protection. Kubiak was arrested and held overnight in the Ravalli County Detention Center.

In March 2020, Kubiak sued the county, its sheriff, and the sheriff's deputy (to whom we refer, collectively, as "the County") under 42 U.S.C. § 1983. "Section 1983 creates a 'species of tort liability' for 'the deprivation of any rights, privileges, or immunities secured by the Constitution.'" *Manuel v. City of Joliet*, 137 S. Ct. 911, 916 (2017) (quoting first *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976), then 42 U.S.C. § 1983). Kubiak claimed, among other things, that his arrest and detention violated his First, Fourth, and Fourteenth Amendment rights.

On April 20, 2021, the County filed a motion for summary judgment. On June 3, 2021, the County made Kubiak a Rule 68 offer: judgment would be entered against the defendants for $50,000 plus costs, including reasonable

attorney's fees. The offer stated that if it was "not accepted within the time prescribed by Rule 68(a), Fed. R. Civ. P., it [would be] deemed withdrawn pursuant to Rule 68(b)." Rule 68(a) provides a fourteen-day window for acceptance of an offer of judgment.

Less than a week after the offer, on June 9 at 4:09 p.m., the District Court entered an order stating that Kubiak's claims failed and that "Defendants' motion for summary judgment . . . is GRANTED." The order further provided, "A reasoned decision will follow in due course. Judgment will be entered at that time." When the District Court entered this order, it did not know about the County's outstanding Rule 68 offer. This comports with Rule 68 procedures: the defendant serves its offer on the plaintiff but does not file it with the court. *See* Fed. R. Civ. P. 68(a). The offer is filed only upon acceptance. *Id.*

Six minutes after the District Court entered its non-final order granting summary judgment, the County's counsel emailed Kubiak's counsel: "Given the Court's ruling granting our Motion for Summary Judgment, the Offer of Judgment is hereby withdrawn." Within an hour, Kubiak filed with the Court a notice of acceptance of the offer of judgment.

The County objected to the entry of judgment and requested that the District Court "deem the Offer a nullity as of the issuance of its Order granting summary judgment to Defendants." The District Court overruled the County's objection, relying on two cases we will discuss further. Citing *Collar v. Abalux, Inc.*, 895 F.3d 1278, 1284 (11th Cir. 2018), the District Court said that the County's Rule 68 offer would have been mooted only "if judgment had been entered in [the County's] favor." Then, citing *Perkins v. U S West Communications*, 138 F.3d 336, 339 (8th Cir. 1998), the

Court reasoned that, because the summary judgment order said that judgment *would be* entered sometime in the future, the offer of judgment was required to remain open for the full fourteen-day period provided by Rule 68. The Court ordered that, "[p]ursuant to Rule 68, the Clerk will enter judgment for Kubiak." The clerk did so.

## II.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 (federal questions) and 1343 (civil rights actions). We have jurisdiction under 28 U.S.C. § 1291 (final decisions of district courts). We review *de novo* both the construction of a Rule 68 offer and the interpretation of the Federal Rules of Civil Procedure. *Erdman v. Cochise County*, 926 F.2d 877, 879 (9th Cir. 1991); *Cal. Scents v. Surco Prods., Inc.*, 406 F.3d 1102, 1105 (9th Cir. 2005).

## III.

"We employ the 'traditional tools of statutory construction' to interpret the Federal Rules of Civil Procedure." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1125 (9th Cir. 2017) (citation omitted). "[O]ur first step is thus determining whether the language at issue has a plain meaning." *Id.* (internal quotation marks, alteration, and citation omitted). We read words and phrases "not . . . in isolation, but with an eye toward the purpose and context of the statute." *Id.* (internal quotation marks and citation omitted). "An interpretation that gives effect to every clause is generally preferable to one that does not." *Id.* (citation omitted).

The parameters of an offer of judgment are as follows:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days[1] after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68(a). The rule goes on to say that that "[a]n unaccepted offer is considered withdrawn." Fed. R. Civ. P. 68(b). A Rule 68 offer is more consequential than a run-of-the-mill settlement offer: "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).

Thus, "a plaintiff who receives a Rule 68 offer is in a difficult position, because a Rule 68 offer has a binding effect when refused as well as when accepted; this results from the Rule's cost-shifting mechanism, which becomes operative upon failure to accept." *Radecki v. Amoco Oil Co.*, 858 F.2d 397, 402 (8th Cir. 1988) (internal quotation marks and citation omitted). The stakes for a plaintiff receiving a Rule 68 offer are "especially high in civil rights cases." *Erdman*, 926 F.2d at 880. Because a prevailing § 1983 plaintiff may ordinarily receive "a reasonable attorney's fee

---

[1] "Until amendment in 2009, the rule allowed ten days to decide whether to accept an offer of judgment. In 2009, Rule 68(a) was amended as part of an overall review of timing provisions in the Civil Rules to extend the 10-day period to 14 days." 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Fed. Prac. & Proc. § 3004 n.1 (3d ed. 2014).

as part of the costs," 42 U.S.C. § 1988(b), attorney's fees in a § 1983 suit "are subject to the cost-shifting provision of Rule 68." *Marek v. Chesny*, 473 U.S. 1, 9 (1985). So if a § 1983 plaintiff turns down a Rule 68 offer, goes to trial, and wins a judgment less favorable than the rejected offer, he loses his entitlement to attorney's fees as of the date of the offer. *See id.* at 12.

Rule 68 can be a high-stakes proposition for defendants, too. "It is widely accepted that '[t]he [Rule 68] offer, once made, is non-negotiable. . . .'" *Beauchamp v. Anaheim Union High Sch. Dist.*, 816 F.3d 1216, 1223 (9th Cir. 2016) (quoting *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 834 (9th Cir. 1997)). In addition, we have "repeatedly emphasized that Rule 68 offers of judgment are 'analyzed in the same manner as any contract,'" so "'any ambiguities are construed against the drafter.'" *Miller v. City of Portland*, 868 F.3d 846, 851 (9th Cir. 2017) (quoting *Erdman*, 926 F.2d at 880).

Rule 68 allows no discretion on the part of the district court. If the plaintiff accepts a Rule 68 offer, "it is automatically entered by the clerk of court." *Beauchamp*, 816 F.3d at 1223 (quoting *Nusom*, 122 F.3d at 834). There is broad agreement on this aspect of the rule. *See, e.g.*, *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 400 (2d Cir. 2019) ("Rule 68(a)'s command that the clerk *must* enter judgment is mandatory and absolute."); *Ramming v. Nat. Gas Pipeline Co. of Am.*, 390 F.3d 366, 371 (5th Cir. 2004) ("the district court did not have the discretion to refuse to enter the Offer of Judgment" or change its terms); *Mallory v. Eyrich*, 922 F.2d 1273, 1279 (6th Cir. 1991) (the district court's function is "ministerial rather than discretionary").

A.

Under the plain text of Rule 68, the District Court properly entered judgment according to the County's offer of judgment. Our review of the rule, above, shows that it was designed to function in a mechanical manner. A Rule 68 "offer, once made, is non-negotiable; it is either accepted, in which case it is automatically entered by the clerk of court, or rejected, in which case it stands as the marker by which the plaintiff's results are ultimately measured." *Nusom*, 122 F.3d at 834. Nor does the text of the rule admit of exceptions to the fourteen-day period during which an offer of judgment remains open. Rule 68 simply provides that "[i]f, within 14 days after being served, the [plaintiff] serves written notice accepting the offer," the acceptance may be filed and judgment must be entered, Fed. R. Civ. P. 68(a); "[a]n unaccepted offer is considered withdrawn," Fed. R. Civ. P. 68(b).

According to the rule's text, then, an offer must remain open for fourteen days, and it may be either accepted or rejected. No other outcome (such as negotiation or revocation) is contemplated. If the parties file a notice that the plaintiff has accepted the offer, the clerk "must then enter judgment." Fed. R. Civ. P. 68(a). The rule contains no exception for the entry of a non-final order granting summary judgment on all claims, and we decline to create one. *Hillis v. Heineman*, 626 F.3d 1014, 1017 (9th Cir. 2010) ("Only the most compelling of reasons will persuade us to imply an exception" when "interpreting the Federal Rules of Civil Procedure.").

The County argues that, under the plain language of the rule, it is "a party defending against a claim" that "may serve on an opposing party an offer to allow judgment." Fed. R. Civ. P. 68(a). After the grant of summary judgment, the

County asserts, there was nothing left to defend—so it and its co-defendants were no longer "part[ies] defending against a claim," Fed. R. Civ. P. 68(a).

The County certainly was "defending against a claim" when it made the offer of judgment, before summary judgment had been granted, and the rule does not state or imply that the defendant must be in the same position during the entire pendency of the offer. Nor can it be said that a defendant is no longer "defending" after winning summary judgment, since much can go wrong for the defendant between a summary judgment decision and a final judgment.

In sum, under the plain text of Rule 68, the District Court properly entered judgment for Kubiak.

B.

Our conclusion is supported by other Circuits' uniform interpretations of the rule.

Kubiak relies on the Eighth Circuit's 1998 decision in *Perkins v. U S West Communications*, 138 F.3d 336, while the County relies on the Eleventh Circuit's 2018 decision in *Collar v. Abalux, Inc.*, 895 F.3d 1278. *Perkins* and *Collar* are distinguishable because in those cases, the district courts both granted summary judgment and entered final judgment while Rule 68 offers were outstanding. *Perkins*, 138 F.3d at 337–38; *Collar*, 895 F.3d at 1280–81. Thus, the plaintiffs in those cases accepted the Rule 68 offers not only after summary judgment was granted, but after final judgment was entered. Here, of course, despite the grant of summary judgment, the District Court had not yet entered final judgment when Kubiak accepted the Rule 68 offer. Despite this key distinction, the reasoning of *Collar* and *Perkins* is

helpful. And, though the cases arrive at opposite conclusions, both support affirmance here.

In *Perkins*, the Eighth Circuit held that the plaintiff could accept the offer of judgment within the rule's acceptance period, despite the entry of final judgment. "Rule 68," the Court said, "leaves no discretion in the district court to do anything other than enter judgment once an offer of judgment has been accepted." *Perkins*, 138 F.3d at 338. The Court held that "[b]y directing that the clerk *shall* enter judgment after proof of offer and acceptance has been filed," the rule's plain language "indicates that the district court possesses no discretion to alter or modify the parties' agreement." *Id.* The Eighth Circuit concluded that "the plain language of Rule 68 mandates that an offer of judgment remain valid and open for acceptance for the full ten-day period outlined in the Rule despite an intervening grant of summary judgment," i.e., final judgment. *Id.* at 339.

The Eleventh Circuit, by contrast, held that Rule 68 offers do not survive the entry of final judgment because "Rule 68(a) provides a method of pretrial dispute resolution where no judgment has yet been entered." *Collar*, 895 F.3d at 1283. The rule "does not direct the clerk to vacate or amend an earlier final judgment." *Id.* The Eleventh Circuit concluded that "[a] defendant is no longer 'defending against a claim' after a district court enters a final judgment in its favor. . . . [T]he entry of a final judgment ends the operation of Rule 68(a)." *Id.* at 1284 (quoting Fed. R. Civ. P. 68(a)). Notably, though, the Court stated that, in general—absent the entry of final judgment—if a Rule 68 offer "is timely accepted by the plaintiff, . . . . the clerk of court performs the ministerial act of entering a judgment." *Id.* at 1283 (quoting *Marek*, 473 U.S. at 6). In other words, in the usual case, the entry of judgment under Rule 68 is mandatory.

A D.C. Circuit case also supports affirmance. There, the defendant made a Rule 68 offer of judgment and then learned that the plaintiff's medical claims might be unfounded. *Richardson v. Nat'l R.R. Passenger Corp.*, 49 F.3d 760, 762 (D.C. Cir. 1995). The defendant attempted to withdraw the offer. *Id.* The D.C. Circuit, citing Rule 68's "rather finely tuned procedure," noted that an offer of judgment imposes potentially costly consequences on the plaintiff and, "[i]n return, the plaintiff . . . is guaranteed 10 days to ponder the matter (as though the plaintiff had paid for a 10-day option)." *Id.* at 765. Therefore, the Court held, "a Rule 68 offer is simply not revocable during the 10-day period." *Id.*

We agree with all of our sister Circuits to have considered the questions posed by this case: an offer of judgment must remain open for the full period provided by Rule 68 and, when a notice of acceptance is filed, the clerk must enter judgment accordingly. *Perkins*, 138 F.3d at 338–39; *Collar*, 895 F.3d at 1283; *Richardson*, 49 F.3d at 765. And our decision is in line with several other Circuits who, while not specifically considering whether a Rule 68 offer must remain open for the full acceptance period, have uniformly agreed with us that a district court must enter judgment when acceptance of a Rule 68 offer is filed. *Beauchamp*, 816 F.3d at 1223 (Ninth Circuit); *Mei Xing Yu*, 944 F.3d at 400–01 (Second Circuit); *Ramming*, 390 F.3d at 371 (Fifth Circuit); *Mallory*, 922 F.2d at 1279 (Sixth Circuit). We need not weigh in on the split between *Perkins* (Eighth Circuit) and *Collar* (Eleventh Circuit) over whether Rule 68 continues to operate after final judgment, because we are not presented with that circumstance.

The Eighth Circuit, in concluding that the plaintiff could accept the Rule 68 offer after the entry of final judgment, emphasized the fact that the defendant landed where it did

through its own litigation choices. *Perkins*, 138 F.3d at 339–40. By making a Rule 68 offer, the defendant "assumed the risk that the District Court would rule favorably on [the] summary judgment motion during the . . . period for acceptance of its Rule 68 offer. [The defendant] took the chance that it could bring an end to this litigation" for the amount of its offer and "was unpleasantly surprised to find that, had it waited . . . , it could have brought an end to this litigation for much less." *Id.* The same thing happened here. While the sequence of events that played out in the District Court leads to a harsh result for the County, we agree with other Circuits that the language of Rule 68 must control.

C.

The County offers three other arguments for reversal. Each fails to overcome the plain text of Rule 68.

1.

First, the County argues that the District Court's grant of summary judgment fully and finally disposed of the case, so there was nothing left to defend. For the purposes of the Rule 68 analysis, the County contends, the summary judgment order amounted to a final order.

The County is correct that "the primary purpose of Rule 68 is to encourage settlements, and it should be construed with this objective in mind." *Lang v. Gates*, 36 F.3d 73, 76 (9th Cir. 1994). And we agree that Kubiak got an opportunity that does not seem to be envisioned by Rule 68: because of flukes in timing and in the District Court's handling of the summary judgment motion, he was able to make a knowledgeable choice between the District Court's ruling and the County's offer of judgment. We decline, however, to extend *Lang* to the facts of this case.

In *Lang*, the defendants in a § 1983 civil rights action made a Rule 68 offer, which both plaintiffs did not accept. *Id.* at 74. Nine months later, the parties settled—not pursuant to Rule 68—for the same amount as the Rule 68 offer. *Id.* As part of the settlement, the plaintiffs dismissed their action with prejudice. *Id.* By its terms, Rule 68 shifts costs where "the *judgment* that the offeree finally obtains is not more favorable than the unaccepted offer." Fed. R. Civ. P. 68(d) (emphasis added). The plaintiffs voluntarily dismissed their suit, so they did not obtain a judgment. *See Lang*, 36 F.3d at 74. Even so, the district court applied Rule 68, and because the settlement was "not more favorable than the unaccepted [Rule 68] offer," Fed. R. Civ. P. 68(d), the court awarded fees only up to the date of the offer, *see Lang*, 36 F.3d at 74.

We affirmed, concluding that Rule 68(d) cost-shifting applied because "an order of dismissal with prejudice . . . , if not in form a judgment for defendants, is certainly one in substance." *Id.* at 76. The County argues that we should apply *Lang* and conclude that the District Court's summary judgment order was, in substance, a final judgment for the defendants that nullified their outstanding Rule 68 offer.

As we have explained at some length, though, the plain text of Rule 68 required the County's offer of judgment to be open for fourteen days and required the District Court to enter judgment for Kubiak when the notice of acceptance was filed. *See Briseno*, 844 F.3d at 1125 (holding that federal rules are construed in accordance with their language); *see also Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352–56 (1981) (interpreting Rule 68 according to its plain language); *Marek*, 473 U.S. at 5–7 (same). The County's preferred outcome cannot be squared with Rule 68's text. *Lang* held that a dismissal with prejudice is equivalent to a final judgment for Rule 68 purposes, but said nothing about a non-

final order that grants summary judgment. *See* 36 F.3d at 76. Therefore, *Lang* does not control.

The Eleventh Circuit's *Collar* decision, upon which the County relies, does not support the County's interpretation of what constitutes a final judgment. *Collar* defined a final judgment as an appealable order that "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." 895 F.3d at 1283 (quoting *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 86 (2000)). Here, the County could not have appealed from the order granting summary judgment. By its own terms, that order was not a final judgment—the judgment was to be entered "in due course." Unlike in *Collar*, there was more for the District Court to do: as the Court wrote in its order, it needed to issue "[a] reasoned decision." And much can happen in the course of writing a reasoned decision; a judge may even change his or her mind about the correct outcome. Therefore, *Collar* does not support the argument that the summary judgment order was close enough to a final judgment.

2.

Second, the County argues that, as a matter of Montana contract law, the offer of judgment did not result in a valid contract and therefore should be deemed ineffective. The County reasons that Montana law requires consideration for the formation of a valid contract, but when the summary judgment order was entered, the consideration evaporated.[2]

---

[2] Minutes after the District Court granted summary judgment, the County's counsel emailed Kubiak's counsel: "Given the Court's ruling granting our Motion for Summary Judgment, the Offer of Judgment is hereby withdrawn." However, the County has been very clear, both in its brief and at oral argument, that it does not make a contract-law argument

The County is correct that "Rule 68 offers of judgment are 'analyzed in the same manner as any contract.'" *Miller*, 868 F.3d at 851 (quoting *Erdman*, 926 F.2d at 880). And it is also correct that, under Montana law, there must be consideration—that is, each party to a contract must "confer some legal benefit and/or incur some detriment." *Mont. Pub. Emp.'s Ass'n v. Off. of Governor*, 898 P.2d 675, 678 (Mont. 1995); Mont. Code Ann. § 28-2-102 ("It is essential to the existence of a contract that there be . . . a sufficient cause or consideration.").

But offers of judgment differ from ordinary contracts in key ways, so we do not import contract law wholesale into a Rule 68 analysis. To name one distinction, "'Rule 68 offers differ from contracts with respect to attorney fees'; as to them, any waiver or limitation must be clear and unambiguous." *Nusom*, 122 F.3d at 833 (quoting *Erdman*, 926 F.2d at 880). Another distinction is that the district court clerk "must . . . enter judgment" when a party files an accepted Rule 68 offer—the court may not stop to decide whether there is consideration. Fed. R. Civ. P. 68 (a); *see also, e.g.*, *Beauchamp*, 816 F.3d at 1223 (entry of judgment by the clerk is automatic). Therefore, Montana contract law does not overcome the mandatory operation of Rule 68.

3.

Third, the County argues that it could not have drafted an offer that would have insulated it from an unexpected entry of summary judgment. Kubiak, on the other hand, contends that the County was the master of its offer and points to the Eighth Circuit's statement implying that a

---

that the offer of judgment could not be accepted because it was withdrawn.

defendant may condition its Rule 68 offer "upon the District Court's not granting [the] motion for summary judgment." *Perkins*, 138 F.3d at 339.

The County responds that, notwithstanding the Eighth Circuit's comment in *Perkins*, it would have been futile to include such a condition in the offer. The County questions whether such a condition would be compatible with Rule 68. The answer to that is unclear. We have held that a Rule 68 offer may be conditioned on acceptance by all plaintiffs. *Lang*, 36 F.3d at 75. But conditioning an offer on the district court not granting summary judgment could be incompatible with Rule 68 if its effect is to shorten the fourteen-day acceptance period.

In any event, the County did not attempt to condition its offer on the non-grant of summary judgment, so the permissibility of such a condition cannot be decided now.

### D.

We conclude with a brief note about what we do not decide today. First, as we have made clear, we express no view on whether an entry of final judgment would nullify an outstanding Rule 68 offer. And second, we do not decide the fate of Rule 68 offers in "exceptional factual situations," such as when the plaintiff's claim is fraudulent. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1240 (4th Cir. 1989). This appeal does not present those issues, so we do not consider them.

### IV.

For all these reasons, we **AFFIRM**.